**Bernard S. McCARTHY, Appellant (Plaintiff below),**

v.

**Wayne CROKER and Dorothy Croker, Appellees (Defendants below).**

**No. 4528.**

Supreme Court of Wyoming.

May 7, 1976.

Bernard E. Cole, Cheyenne, for appellant.

T. A. Fennell, Cheyenne, for appellees.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

GUTHRIE, Chief Justice.

This appeal arises from the entry of a judgment of dismissal by the trial court at the close of plaintiff's case.

The facts are not involved. The Crokers, appellees here, own and live at a residence in a rural area north of Cheyenne, and on September 18, 1974, had two dogs on the premises. McCarthy, appellant herein, is an insurance man employed by an agency which had written several policies of insurance for appellees, and on this date had occasion to go to the Croker residence to service some of these policies.

At the time of the incident Crokers were not home. Appellant parked his car in the driveway near the porch and got out of the car to go to the house. Just before he arrived at the porch he was bitten by a large cross-breed dog, which he had not seen prior to being bitten. He then picked up some type of weapon, returned to the car, and wrote a note, which he left at the house, advising Croker of his visit and asking that Croker call him. Thereafter in a telephone conversation appellant advised Croker of the bite, inquiring whether the dog had a rabies inoculation, and appellant testified that Croker laughed and said he was glad to know the dog had bitten him and to know that he would take care of the premises.

In his original and amended complaints appellant asserts that these "Defendants wrongfully kept a dog, well knowing him to be of a ferocious, vicious and mischievous disposition and accustomed to attach [sic] and bite man kind [sic]." Appellees answered with a denial of this allegation and asserted other separate defenses, which are not discussed because they are not material to our disposal.

The only evidence upon which appellant predicates this appeal, which he insists is proof of defendants' knowledge of the vicious character of this animal, is the testimony of Cox, a neighbor of Crokers, that the two dogs of appellees had chased, barked, and nipped at his horses, and that he told appellees of this when Croker came to Cox's home to complain about his horses being on Crokers' property. Cox further testified that the large dog—apparently the one which bit appellant—had come toward him, growling and snapping, and that he had attacked the dog and run him off. Cox did not at any time advise Croker of this attack, nor does the record reveal any knowledge on the part of the owner of the dog as to any such propensity to attack humans.

In sustaining the motion to dismiss, an examination of the record reveals that the trial judge clearly relied upon the failure to prove any knowledge by defendants of any disposition or propensity on the part of the dog to attack or bite people. This reliance must spring from the pleadings and the manner in which this case was presented. The trial judge noted the necessity of the proof of scienter. Appellant, with commendable candor, states in his brief:

"The determinative factor in the present case is knowledge of vicious propensities and the question must be viewed in the light most favorable to the Plaintiff."

We have no quarrel with this statement. The action taken by a trial court in entering a directed verdict requires that we view the evidence of the plaintiff to be true and to indulge in all the reasonable inferences which may be drawn therefrom, *Svalina v. Big Horn National Life Insurance Company*, Wyo., 466 P.2d 1018, 1020. We shall, therefore, accept the statement of the issue and the rule enunciated by appellant.

The answer lies in the record, which is silent as to any notice to defendants of the vicious propensity of the dog. Appellant would have us make some inference from the fact that Crokers' dogs were known to have chased Cox's horses and snapped, barked, and nipped at them. He then suggests that Croker's remark that the dog was taking care of the premises, coupled with knowledge of the horse incident, is some indication that the owners knew or should have known of the dog's vicious propensity. To satisfy the scienter re-

quirement, the knowledge of the owner must be of the particular propensity which caused the injury, *Fowler v. Helck,* 278 Ky. 361, 128 S.W.2d 564, 567; *Matson v. Kivimaki,* 294 Minn. 140, 200 N.W.2d 164, 169; Prosser, Torts, § 76, p. 501 (4th Ed.); and under the facts in this case the propensity involved would be the propensity of his viciousness towards men. The application of this rule is illustrated in *Carter v. Ide,* 125 Ga.App. 557, 188 S.E.2d 275, 276, where this specific statement appears:

"* * * knowledge or notice that a dog will behave ferociously toward other animals is not necessarily notice that it will attack human beings. * * *"

*Sink v. Moore,* 267 N.C. 344, 148 S.E.2d 265, 269, mentions that the propensity to bark at and pursue motor vehicles is not such habit as would justify a classification as a vicious animal.

There is no other evidence in this record from which knowledge of scienter might be inferred, so there can be no application of the rule that such evidence must be viewed in the light most favorable to the plaintiff.

In support of his position, appellant refers to *Boatman v. Miles,* 27 Wyo. 481, 199 P. 933, 26 A.L.R. 864, and extracts therefrom the proposition that "it is not necessary that the testimony disclose any manifestations of viciousness prior to the attack be communicated to the owner since the temper of the animal is not likely to change overnight." This remark is taken out of context, is based upon an entirely different factual situation, and does not justify this broad statement. An examination of this case discloses that the question of the absence of evidence or the sufficiency thereof did not arise. The court clearly defines the area of decision in that case when Justice Blume said, 199 P. at 934:

"* * * the only question argued is that the verdict is not sustained by the evidence, for the reason that it appears that the appellee had just as much

knowledge of the vicious character of the stallion as appellant, and for that reason assumed, as a matter of law, the risk of his employment, and that the injury was the result of his own fault. * * *"

We shall not engage in a discussion of the factual distinctions between these cases since this quotation alone demonstrates clearly its inapplicability to this case because of the admission of knowledge on the part of defendant therein.

■ There remains, then, only the question whether there is any evidence upon which an inference or finding could be based that defendants should have known of the vicious character of this dog.

Appellant's contention that defendants knew or should have known of the vicious propensity of the dog is based upon the evidence of Cox's informing Croker of the horse incident, and Croker's remark over the telephone about the dog, when he is alleged to have said he was glad the dog was "taking care of the premises." We note there is nothing in the record to explain Croker's remark or put it into proper context, although he was certainly present during the trial for examination. Standing alone, and in light of our expressed view of the inapplicability of the evidence of the horse incident, we can see no inference or notice which would be drawn therefrom. Negligence is not presumed, *Elite Cleaners and Tailors, Inc. v. Gentry,* Wyo., 510 P.2d 784, 788. There must be some evidence thereof.

■ After having defined the issues in this appeal, appellant then suggests in his brief that by virtue of § 11–584, W.S.1957, "the presence of injurious, unlicensed dogs within the State of Wyoming is hereby declared to be nuisance," and the dog being a nuisance under the statute, that this is evidence of negligence. The record being silent as to the licensed status of this dog, we cannot indulge in any presumption that the dog was a nuisance or that this statute

creates any evidence of negligence. No argument is made which would show, nor are we convinced of, the causal connection between a violation of this statute upon which appellant relies and the accident. It would therefore be improper to consider the question of whether this alleged statutory violation would be evidence of negligence, *Zanetti Bus Lines, Inc., v. Hurd,* 10 Cir., 320 F.2d 123, 128; *Checker Yellow Cab Co. v. Shiflett,* Wyo., 351 P.2d 660, 663; nor is it proper to discuss the possible application of *Kalman v. Western Union Telegraph Company,* Wyo., 390 P.2d 724, 726, or to consider the question of whether plaintiff is one of the class of individuals to which this statute was directed for protection, Prosser, Torts, § 36, p. 194 (4th Ed.).

For the reasons set out, the judgment is affirmed.