## BOOTH et al. v. FLOYD, executor.

1. The court did not err in withdrawing from the jury the question whether the mind of the testatrix was unduly influenced in making the will, as there was no evidence tending to show that it was.
(a) Nor was the language of the court in withdrawing such issue error, as being " an undue expression of opinion on the execution of the will." There was no evidence to authorize a finding that the will was not executed according to the provisions of the Civil Code, § 3846.
2. Nor was it error to exclude evidence offered as to the general reputation of the testatrix as being addicted to a drug habit.·
3. There was ample evidence to authorize the jury to find that the mental capacity of the testatrix at the time the will was executed was such as to enable her to have a decided and rational desire as to the disposition of her property.
4. A new trial was properly refused.

No. 2358. JULY 15, 1921.

Appeal. Before Judge Cobb. Walton superior court. October 28, 1920.

Charles S. Floyd as the nominated executor in an instrument purporting to be the last will of Mrs. Margie A. Harris, deceased, after having the document probated in common form, was cited at the instance of Mrs. M. L. Booth and Mrs. Emma Bird, heirs at law of Mrs. Harris, to probate the same in solemn form. He duly undertook to do this, and Mrs. Booth and Mrs. Bird filed a caveat on the grounds. (a) Mrs. Harris, " at the time of making said pretended will, was not of sound and disposing mind and memory." (b) She " did not execute the said pretended will freely and voluntarily, but was moved thereto by undue influence and persuasion over her by Mrs. Alice Rockmore; and it is therefore not the will of the deceased." (c) " For that also said pretended will was not executed in the manner required by law." (d) " Said will is null and void, in that it disposes of land belonging to the estate of James B. Harris, deceased, in which the said Margie Harris had only a life-estate."

The purported will was executed in November, 1916, and Mrs. Harris died in April, 1917. In the second item of the instrument she gave one fourth of her entire estate, after the payment

of debts and expenses of administration, to the six named children of her deceased son. The third item was as follows: " I hereby give and bequeath to my beloved daughter, Alice Rockmore, who has cared for me during the declining years of my life, all the residue of my estate, or three fourths of the same after payment of the debts and expenses of ·administration." The document was probated in solemn form in the court of ordinary at the May term, 1918, and an appeal was entered by Mrs. Booth and Mrs. Bird to the superior court, where, upon the issues submitted to the jury, a verdict was rendered in favor of the propounder, setting up the writing to be the last will of Mrs. Harris. Mrs. Booth and Mrs. Bird moved for a new trial on the following grounds: (1-3) That the verdict was contrary to evidence, without evidence to support it, etc. (4) " Because the court erred in withdrawing from the consideration of the jury the question of undue influence, and limiting the jury in their investigations to the objections that the will was not executed in the manner prescribed by law, and that Mrs. Harris at the time she made the will did not have sufficient mind to make the will." (5) "Because the court charged the jury as follows: ' I charge you, gentlemen of the jury, that under the view of the evidence as it appears to me, that there is not sufficient evidence for you to sustain the objection of undue influence; and therefore you will limit your investigation to objections that the will was not executed in the manner prescribed by law, and that Mrs. Harris, at the time she made the will, did not have sufficient mind to make the will.' " (6) " Because the court erred in ruling out of evidence, or not permitting the same to be read to the jury, the depositions of Annie Couch and Dr. F. P. Hudson that said witnesses knew the reputation of Mrs. Margie Harris as a morphine eater or one addicted to the habit. This evidence, as movants claim, would show the extent of the morphia habit [the reputation of it?] reaching as far as six to eight miles, and the propounder having shown by some of his witnesses that they were right there close in Loganville, and had not even heard that there was such a thing as the testatrix taking morphine; this being contradictory and in rebuttal." A new trial was refused, and the movants excepted.

·  *J. H. Felker,* for plaintiffs in error.

·  *R. L. & H. C. Cox,* contra.

Fish, C. J. (After stating the foregoing facts.)

1. Even if the fourth ground of the motion for new trial was good as to form, a careful examination of the evidence in the record clearly shows that the court did not err in excluding from the jury the issue as to undue influence alleged to have been brought to bear upon the testatrix and causing her to execute the will. There was no evidence submitted that would authorize the jury to find in favor of the contention of the objectors that the will was executed by reason of undue influence.

·2. In excluding the objection of undue influence for lack of evidence to support it, the court used this language: "You will limit your investigation to objections that the will was not executed in the manner prescribed by law, and that Mrs. Harris, at the time she made the will, did not have sufficient mind to make the will." In the fifth ground of the motion it is complained "that the use of the words, 'at the time she made the will,' was an undue expression of opinion to the jury on the execution of the will, and had a tendency to cause the jury to believe that the court considered that the will was properly executed." The point here raised is not meritorious. There is no evidence in the record which would have authorized the jury to find that the paper was not executed according to the formalities prescribed by the statute in this State (Civil Code (1910), § 3846) for the execution of wills. The uncontradicted evidence showed that Mrs. Harris signed the writing as her will, and that it was attested and subscribed in her presence by three competent witnesses. It follows that even if the language used by the court was inapt, it was not cause for a new trial.

Nor did the instruction here excepted to tend to exclude from the consideration of the jury all evidence of the condition of the mind of Mrs. Harris when the paper was executed.

3. The court did not err in refusing to permit to be read to the jury the "depositions" of certain witnesses referred to in the sixth ground of the motion, as to the reputation that Mrs. Harris was addicted to a drug habit. Such depositions were inadmissible as being hearsay, if for no other reason.

4. While there was evidence tending to show that Mrs. Harris "was not of sound and disposing mind and memory," at the time the will was executed, there was abundant evidence to the contra-

ry, and the fact in that respect was for the jury's decision; and the court did not err in refusing to set aside their verdict in favor of the propounder.   *Judgment affirmed. All the Justices concur.*