## 43512. FLOWERS v. FLOWERS.

WHITMAN, Judge. 1. "A person who owns or keeps a vicious or dangerous animal of any kind, and who, by careless management of the same, or by allowing the same to go at liberty, causes injury to another who does not, by his own act, provoke the injury, shall be liable in damages to the person so injured." *Code* § 105-110.

2. "The owner of a vicious or dangerous animal, who allows the same to go at liberty, is liable to one who sustains injury as a result of the vicious or dangerous tendency of the animal *only in the event the owner knows of its vicious or dangerous character.* If he does not know this, he will not be liable for an injury which is not the usual and natural consequence to be anticipated from allowing an ordinary animal of that kind to go at large." (Emphasis supplied.) *Harvey v. Buchanan*, 121 Ga. 384 (49 SE 281). To support a recovery a plaintiff must show either actual or constructive knowledge by the defendant of the animal's danger to others. *Hays v. Anchors*, 71 Ga. App. 280 (1) (30 SE2d 646).

3. In the present case the plaintiff seeks to recover for damages sustained when defendant's German Shepherd dog "came up from behind plaintiff, brushed against him with great force and knocked plaintiff down and broke his leg." The defendant, after answering plaintiff's petition and denying all its allegations except as to jurisdiction and ownership of the dog, moved for a summary judgment. In support of his motion the defendant offered the deposition of plaintiff taken for the purpose of discovery and cross examination. The plaintiff offered nothing in opposition to the motion.

From the evidence it appears that the defendant is the plaintiff's son and lives across and down the road; that the dog had been on the plaintiff's property many times; that the dog had never snarled or growled at, bitten, or clawed plaintiff or anyone else but had barked at strangers; that plaintiff, several months prior to the incident complained of, had on one occasion been knocked down when the dog jumped up on him or brushed against him, and he had hurt his back a little when he fell; that plaintiff lost his balance easily because he had a stiff leg as the result of metal pins in his knee due to an accident in 1949; and that one of plaintiff's granddaughters, 7 years old (not defendant's daughter), had skinned

her knee when the dog had knocked her down. From plaintiff's testimony his injury occurred when he fell as a result of some impact of the dog with him. As to the exact manner of the impact with him he stated he could not testify.

4. Assuming, but not deciding, for the purposes of this decision that it is not necessary that an animal be shown to be vicious and dangerous from the standpoint that it attacks for the purpose of biting or otherwise purposely harming a person before a recovery would be authorized, it appears that if a dog has "friendly" intentions but has habits which because of its size or other characteristics make it dangerous, e.g., weighs 90 lbs. and likes to brush against people or rear up and put its paws against the chest or back, then it seems that such behavior should be controlled. See *Norman v. Norman*, 99 Ga. App. 755 (109 SE2d 900). Cf. *Woods v. Simpson*, 99 Ga. App. 538 (109 SE2d 72).

However, it is necessary that the owner, as previously pointed out, have knowledge of the pattern of the animal's dangerous behavior before he can be held for failure to control the animal. It has not been shown in this case that the defendant had knowledge that the dog had become accustomed to knocking people down. Plaintiff testified that he was knocked down in a similar fashion several months before but there is no evidence that the defendant was told about it or learned about it. Plaintiff testified that the dog had caused one of his grandchildren to skin her knee. But so far as the record shows the defendant did not know of that. If the plaintiff or other members of the family in fact told the defendant about the dog's actions, the plaintiff should have offered his evidence to that effect, but he did not. "When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." *Code Ann.* § 81A-156 (e) (Ga. L. 1966, pp. 609, 661); *Scales v. Peevy*, 103 Ga. App. 42, 46 (118 SE2d 193).

It not appearing that the defendant had any knowledge of the two incidents above referred to which happened prior to the incident complained of, a recovery would not have been au-

thorized, and his motion for summary judgment should have been granted.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED MARCH 4, 1968—DECIDED JUNE 25, 1968.

*Hurt, Hill & Richardson, James C. Hill, Robert L. Todd, Bonneau Ansley, Jr.,* for appellant.

*H. Rhodes Jordan,* for appellee.