44775. CARR, by Next Friend v. YOUNG.

Evans, Judge. This is a dog-bite, personal injury case involving a minor, age 6, bitten by an "Alaskan Malemute" or "Huskie" in the backyard of the defendant where the dog was confined to an area of seven feet by a chain. The answer of the defendant admits and pleads "that because of the dog's large size and being an Alaskan Huskie defendant had previously . . . requested the children to stay off of the defendant's premises and away from defendant's dog." The admitted large size of the dog (3 feet high—ninety pounds), the fact that this breed of dog is one traced back to the wolf and "with which it is often bred even today" (Webster's New International Dictionary, 2d Ed.) establishes inferences that the dog is dangerous, all within the knowledge of the owner by his pleadings, which do not establish in any manner that summary judgment should be granted on the pleadings, answer, admissions, affidavit and interrogatories. The pleadings of the plaintiff have not been pierced so as to show no question for jury determination and that the moving party is entitled to judgment as a matter of law. These particular averments of the complaint have not been pierced: (a) The child is a minor, age 6; (b) The child was bitten by the dog; (c) The child was injured and damaged and hospitalized; (d) The dog was kept in defendant's backyard, which was open to the public; (e) Children frequented and played in defendant's back yard; and (f) Defendant kept and harbored this dog, knowing him to be a vicious animal.

Defendant's wife made an affidavit to the effect that "she had no knowledge of any vicious activities on the part of the Alaskan Malemute owned by her husband; and . . . this dog had never bitten nor threatened any individual." The defendant admitted that he had requested children to stay off the premises because the dog was an Alaskan Malemute of large size, and was kept chained to an area of 7 feet.

"The burden is upon the moving party . . . and any doubt . . . is resolved against the movant" and "the trial court must give . . . the benefit of all favorable inferences that may be drawn from the evidence" to the opposite party. *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4 (126 SE2d 442). Since the appellee-defendant failed to carry the burden, the court erred in granting the motion for summary judgment, there being material issues to be tried by a jury. The error enumerated is meritorious.

*Judgment reversed. Pannell and Quillian, JJ., concur.*

ARGUED SEPTEMBER 12, 1969—DECIDED OCTOBER 9, 1969.

*L. B. Kent*, for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Howell Hollis, J. Madden Hatcher, Jr.*, for appellee.