### 45064. STARLING v. DAVIS.

JORDAN, Presiding Judge. The plaintiff seeks to recover for personal injuries from a dog bite inflicted by the defendant's German shepherd dog as she was entering the defendant's place of business. The defendant appeals from the denial of summary judgment. *Held:*

1. An owner of a domestic animal who allows it to go at liberty is liable under *Code* § 105-110 to one who sustains injury as a result of the vicious or dangerous tendency of the animal only in the event he knows of its vicious or dangerous character.

To support a recovery the plaintiff must show either actual or constructive knowledge by the defendant of the animal's danger to others. *Flowers v. Flowers,* 118 Ga. App. 85 (162 SE2d 818) ; *Harvey v. Buchanan,* 121 Ga. 384 (49 SE 281) ; *Hays v. Anchors,* 71 Ga. App. 280 (30 SE2d 646).

2. Such cases as *Phillips v. Dewald,* 79 Ga. 732 (7 SE 151, 11 ASR 458) ; *Reed v. Southern Express Co.,* 95 Ga. 108 (22 SE 133, 51 ASR 62) ; *Wright v. Turner,* 35 Ga. App. 241 (132 SE 650), cited by the plaintiff as recognizing the rule that proof of scienter is unnecessary in some situations, do not authorize elimination of scienter as an essential element in the present case.

We do not regard a propensity on the part of a dog to bite people as one of the "instincts common to the species" of which "every owner must be presumed to have notice" (*Phillips,* supra), and a dog kept at an owner's place of business who bites a customer is rightfully in the place where it does the mischief. See *Reed,* supra.

3. The defendant by affidavit on personal knowledge in support of his motion for summary judgment, and also on oral deposition, pierced the plaintiff's allegations by unequivocally denying any knowledge of any tendency on the part of the dog he had owned for approximately six and one-half years to bite anyone. Within his knowledge, the dog was gentle and had never bitten or injured anyone previously. It was therefore incumbent on the plaintiff to preserve her case by setting forth, by affidavits or as otherwise permitted in response to summary judgment, specific facts to create a genuine issue for trial with respect to the dangerous characteristic and scienter. *Flowers v. Flowers,* supra. The plaintiff's evidence in this respect is limited to her testimony, by oral deposition, of the hearsay statement of a person in business directly across the street from defendant's business, who told her he had seen the dog "chasing people" but "not biting" and that "he had seen someone run up on the car to get away from him." This evidence, even if adduced directly from the person reported to have seen the incident or incidents, fails to create a genuine issue of fact in respect to the propensity of the dog for biting, or the requisite scienter on the part of the defendant.

*Judgment reversed. Eberhardt and Pannell, JJ., concur.*

Argued January 9, 1970—Decided March 17, 1970.

*Dewey Hayes, Young, Young & Ellerbee, Cam U. Young, F. Thomas Young,* for appellant.

*Preston & Preston, M. L. Preston,* for appellee.