## 45725. KEENER v. TATE.

BELL, Chief Judge. This is a personal injury case in which the plaintiff was bitten by defendant's dog. The trial court granted defendant's motion for summary judgment. *Held:*

In order to recover in a case of this nature the plaintiff must prove (1) that the animal has a vicious or dangerous character and (2) knowledge of this propensity on the part of the owner. *Flowers v. Flowers,* 118 Ga. App. 85 (162 SE2d 818); *Starling v. Davis,* 121 Ga. App. 428 (174 SE2d 214). Defendant in support of her motion for summary judgment denied that she had any knowledge that her dog had ever displayed any vicious propensities; had ever bitten anyone prior to this occasion; that nothing had ever come to her attention to indicate that the dog was vicious or likely to bite any person. Plaintiff's affidavits show that defendant's dog "was not a friendly type dog that one would want to have around children"; that the dog had knocked a child down previously and was standing over the child but did not bite; that prior to the date of the bite that brought about this suit, the dog was observed attempting to bite a child; that the dog had a general reputation of being a vicious animal. While these assertions may be sufficient to show the vicious and dangerous nature of the dog, they fail to suggest the other essential element of knowledge of the defendant. None of these assertions identified the defendant as knowing of them. Obviously, knowledge of others is not to be construed as knowledge of the defendant. At best, as to the knowledge of defendant, plaintiff's affidavits show nothing more than mere conclusions which are not supported by any facts. Conclusions are not admissible in evidence. They have no probative value. *Chandler v. Gately,* 119 Ga. App. 513, 517 (167 SE2d 697). The defendant successfully pierced the allegation of knowledge, an essential element of recovery.

The facts in both *Carr v. Young,* 120 Ga. App. 464 (170 SE2d 834) and *Caldwell v. Gregory,* 120 Ga. App. 536 (171 SE2d 571) are distinguishable from those here. In each of those cases there was evidence which, when construed most favorably in support of the party against whom the motion was directed, was suffi-

cient to authorize inferences from which the jury could reasonably infer knowledge by the defendant of the viciousness of the dog. Here there is no such inference possible, as the evidence shows only that the defendant had no knowledge of the dog's dangerous propensity.

*Judgment affirmed. Quillian and Whitman, JJ., concur.*

ARGUED OCTOBER 1, 1970—DECIDED FEBRUARY 26, 1971—REHEARING DENIED MARCH 19, 1971.

*Walton Hardin,* for appellant.
*E. Davison Burch, L. Clifford Adams, Jr.* for appellee.