46109, 46110.   MAULDIN v. GREEN et al. (two cases).

QUILLIAN, Judge. This is a personal injury case arising out of the defendants' dog biting the plaintiff, a five-year-old child. The trial judge granted the defendants' motion for a summary judgment and the case is here for review. *Held:*

1. The plaintiff contends that the trial judge erred in sustaining the defendants' motion for summary judgment because there was circumstantial evidence that the defendants had knowledge that their dog was vicious. "In order to recover in a case of this nature the plaintiff must prove (1) that the animal has a vicious or dangerous character and (2) knowledge of this propensity on the part of the owner. *Flowers v. Flowers,* 118 Ga. App. 85 (162 SE2d 818); *Starling v. Davis,* 121 Ga. App. 428 (174 SE2d 214)." *Keener v. Tate,* 123 Ga. App. 484 (181 SE2d 547). There was evidence that: the attack upon the child was vicious; that defendants owned two dogs and one was allowed to roam free while the one that bit the child was kept in a fenced backyard; a Mrs. Wilson stated that the dog had snarled at her and chased her into her house. Assuming that this evidence might have been sufficient to show that the dog was vicious it was no proof that the defendants had knowledge of that fact.

2. The plaintiff also contends that the testimony of a Mrs. Mauldin was sufficient to prove that the defendants had knowledge that the dog was vicious. Mrs. Mauldin testified that a neighbor had told her that Mrs. Green, one of the defendants, had told her of the vicious tendencies of the dog. The plaintiff argues that this evidence while hearsay would be admissible to prove the dog's reputation. *Caldwell v. Gregory*, 120 Ga. App. 536 (171 SE2d 571). Assuming, but not deciding, that this evidence would be admissible to prove the dog's reputation it would not be admissible to prove the defendants' knowledge of the dog's propensity for viciousness. The defendants having testified that they had no knowledge of this essential element and there being no evidence to the contrary, the granting of the defendants' motion for summary judgment was not error.

3. A consideration of the transcript of the hearing on the motion for summary judgment not being necessary for a decision of this appeal, the motion to dismiss is denied. *Hill v. Gen. Rediscount Corp.*, 116 Ga. App. 459 (2) (157 SE2d 888).

*Judgment affirmed. Bell, C. J., Jordan, P. J., and Eberhardt, J., concur. Hall, P. J., concurs in the judgment. Whitman, J., concurs specially. Pannell, Deen and Evans, JJ., dissent.*

ARGUED MAY 6, 1971—DECIDED SEPTEMBER 13, 1971—
REHEARING DENIED OCTOBER 7, 1971—

*Peek, Whaley & Haldi, Glenville Haldi, C. Glenn Stanford,* for appellants.

*Powell, Goldstein, Frazer & Murphy, John T. Marshall, John C. Gray,* for appellees.

WHITMAN, Judge, concurring specially. 1. I concur in the judgment only of the majority opinion holding that the grant of the defendants' motion for summary judgment was not error. It is my view that the testimony of Mrs. Mauldin that a neighbor had told her that Mrs. Green, one of the defendants, had told the neighbor of the vicious tendencies of the dog; that is, she had been told by Mrs. Green not to come in the yard, that the dog would bite her, was hearsay only without probative value, and would not be admissible or sufficient to establish the dog's reputation for vicious-

ness. I do not agree with the dissenting opinion that *Code* § 38-303 has any relation to the reputation of a dog. Moreover, I do not regard the case of *McCurry v. Bailey,* 224 Ga. 318 (162 SE2d 9) as either controlling or persuasive authority on the question of proof of reputation. Proof of reputation must be as to reputation as such and as to matters of general interest and not as to matters of special or limited interest, nor as to a hearsay statement of an individual or individuals of his or her knowledge. In this connection see 31A CJS §§ 196, 197 and 200. See also *Booth v. Floyd,* 151 Ga. 732 (2) (108 SE 113).

The *Bryan, Hogan and Elder* cases cited in *Caldwell v. Gregory,* 120 Ga. App. 536 (171 SE2d 571) have no relation to dogs or reputation of dogs.

2. I concur in Division 3 of the majority opinion which denies the motion to dismiss, for the reason entertained by me, that on the hearing of the motion for summary judgment by stipulation of counsel for all of the parties the evidence consisted of interrogatories and depositions filed in cases in the trial court, Fulton Superior Court, prior to the cases sub judice, together with affidavit of one Mrs. Robert M. Wilson, in respect of her prior single experience with the dog, the account of which it does not appear was ever brought to the attention of the defendants, nor does it appear that the defendants ever had knowledge or notice of such incident. The interrogatories and depositions, which together with the Wilson affidavit, were in evidence on the hearing of the motion for summary judgment in the trial court, also appear in Cases Nos. 46211 and 46212 in this court as a part of the records therein and this court may take judicial notice thereof.

Accordingly, I concur in Division 3 of the majority opinion insofar as it denies the motion to dismiss the appeal. .

EVANS, Judge, dissenting. This is a "dog-biting" case, wherein the lower court granted defendants' motion for summary judgment, and the majority opinion affirms that judgment. I dissent.

It is undisputed that the defendants, Mr. and Mrs. Green, owned two dogs, one of which was allowed to roam in perfect freedom, while the other dog was confined to defendants' backyard. The dog that was kept confined made a very vicious attack upon a five-year-old child, about the head and face, resulting in injury

and damage, and the present action was instituted as a consequence thereof.

The sole issue involved here is as to whether the defendants had notice of the vicious propensities of their dog. Each of the joint defendants testified they had no such knowledge, although there was testimony that this dog had a reputation in the neighborhood for being vicious. On the issue of knowledge by defendants, plaintiff testified that a neighbor, Mrs. Milton Thomason, told plaintiff that Mrs. Green, defendant, had related to her the following: "A. She told me that she had gone over one day to borrow a wheelbarrow, and Mrs. Green told her to not come in the yard, that the dog would bite her . . . Q. Did Mrs. Thomason state that Mrs. Green or Mr. Green had told her not to come in the yard, at the time she came over to borrow the wheelbarrow incident? A. Mrs. Green . . . Q. What exactly did Mrs. Thomason say that Mrs. Green said? A. Said that—don't come in the yard, that the dog would bite her—the dog would bite." Further, a Mrs. Robert Wilson had told plaintiff the same dog had attacked her: " . . . that the dog had come in her yard one day . . . and she stomped her foot at the dog to go on and he growled at her and she said she stomped again, you know, to shoo him out and he commenced to chase her up the back steps into the house . . . "

By affidavit this witness also testified: " . . . that the dog 'Snowball' bared its teeth, snarled and came after deponent. Further deponent states that in fear she ran from the dog, who chased after her until deponent was able to return into her house and close the door between herself and the dog 'Snowball.'" No effort was made to secure the affidavit or deposition of the neighbor, Mrs. Thomason. It might be argued that it was incumbent upon the plaintiff to come forward with this witness, but where a defendant seeks to eliminate every jury issue from the case by motion for summary judgment, such movant for summary judgment assumes an enormous burden. In seeking to avoid a jury trial, movant for summary judgment is required by law to show there is no issue for the jury to pass upon. And as was held in the well-known and often-quoted case of *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442): "The burden is upon the moving party to establish the lack of a genuine issue of fact and the right to a

judgment as a matter of law, *and any doubt as to the existence of such an issue is resolved against the movant . . . The party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists and the trial court must give that party the benefit of all favorable inferences that may be drawn from the evidence."* (Emphasis supplied). What inference arises from the failure of either party to produce the testimony of Mrs. Thomason, who was a neighbor to both plaintiff and defendants? The obvious inference is that both plaintiff and defendant were negligent in not producing this witness; or that both were not sure whether her testimony would favor or injure the party who produced the witness. In such cases, as is recited in *Holland,* supra, "the trial court must give that party [respondent] the benefit of all favorable inferences that may be drawn from the evidence"—and one inference favorable to respondent-plaintiff was that defendants failed to produce this witness in their effort to dissipate all jury issues—because the witness would testify that Mrs. Green, defendant, had knowledge that her dog was vicious, and had told Mrs. Thomason about that knowledge. The testimony of plaintiff as to Mrs. Thomason's statement about Mrs. Green's conversation with her was clearly admissible as to the *reputation* in the neighborhood of the dog for viciousness. In many cases, hearsay testimony becomes original evidence, and is not subject to objection as being secondary evidence. *Code* § 38-302. Reputation may be proven by hearsay. *Code* § 38-303. Matters of "public interest" may be proven by reputation, and such testimony may come from persons who are not members of the family. In the case of *Drawdy v. Hesters,* 130 Ga. 161, 162 (60 SE2d 451, 15 LRA (NS) 190), it was held: "The *fact* of marriage is a matter of *public interest,* and general repute in the community is admissible upon such an issue. In Hubback's Ev. of Suc. 244, 48 Law Lib. 182, it is said 'Reputation of marriage, unlike that of other matters of pedigree, may proceed *from persons who are not members of the family.'*" (Emphasis supplied). Surely, the viciousness of a dog in the neighborhood is a matter of *public interest* to those persons residing in that neighborhood, and may be proven by persons "not members of the family."

In *Miller v. State,* 9 Ga. App. 827 (72 SE 279) it is held that

proof of marriage may be shown prima facie by proof of general repute in the family or by *proof of general reputation in the community.* In the case of *Bryan v. Walton,* 20 Ga. 480 (2) it is held that "Evidence of *general reputation,* reputed ownership, *public rumor, general notoriety* and the like, *is original evidence and not hearsay,* and is admissible in certain cases."

If the evidence in question had been offered solely to prove an admission by the defendant against interest, it might have been objectionable as hearsay; but where offered as was done here, it was admissible to prove reputation.

And what does proof of reputation establish? As held in the cases above cited, it proves the *fact of marriage,* etc., and in the case sub judice, proof of reputation was sufficient to authorize the jury to find that the defendant had heard of the vicious reputation of her dog, and consequently had knowledge of the dangerous and vicious propensities of her dog, which she had confined to her backyard.

The trial court erred in granting summary judgment for defendants.