46909. HARTFORD ACCIDENT & INDEMNITY
COMPANY v. CASON et al.

EVANS, Judge. William R. Cason was injured while in a crosswalk of a street in the City of Atlanta. He filed suit, and alleged that Doyle C. Lowe negligently drove a motor vehicle, owned by Hangar Cab Company, Inc., against him, while in the course and scope of his employment for such owner. Both Lowe and his employer were named as defendants. Hangar Cab Company denied liability to plaintiff, but also filed a third-party complaint against Main Insurance Company and Hartford Accident & Indemnity Company, contending that each was a liability insurer of Hangar, and was liable to pay any judgment that might be rendered in favor of Cason against Hangar. Both of said insurers, as third-party defendants, filed answers in which they denied liability coverage on the particular Hangar vehicle that struck Cason; although admitting contracts of insurance from each of them to Hangar had been in effect.

Thereafter Hartford filed a motion for summary judgment, contending that Hangar had orally, by telephone, authorized the discontinuance of insurance on this particular vehicle prior to the collision on October 16, 1968. Hartford relied on the pleadings and certain depositions in support of its motion for summary judgment. The substance of the depositions showed that the collision occurred on October 16, 1968; that Hangar may have had collision insurance coverage on the vehicle in question with both Main Insurance Company and Hartford Accident & Indemnity Company, resulting in double cover-

age. The president of Hangar testified that he did notify Hartford to delete the truck involved, to avoid double coverage, but he did not remember the date upon which said notice was given. The agent for Hartford testified that the endorsement deleting this vehicle from the policy was dated September 15, 1968, which would have been done on the direction of someone in Hangar's office; that it was Hartford's policy to get this work typed up and mailed out within a few days; and that Hartford would have received this information on or before September 15, 1968.

There was sufficient evidence for a jury to have determined that there was no coverage on October 16, 1968 (date of injury) but the testimony is entirely unsatisfactory to demand a finding that there was no such coverage. In cases of summary judgment, the party opposing the motion must be given the benefit of all reasonable doubts in determining whether a genuine issue exists; and all inferences must be resolved in his favor. Certain favorable inferences that could be drawn from the evidence in the case sub judice are: 1. The endorsement may or may not have been authorized by the insured prior to October 16, 1968. 2. The insured desired the deletion of the vehicle in question, but it occurred after date of injury on October 16, 1968. It is significant that Hartford did not depose the person who actually received the oral instructions to delete; and who made the deletion; nor was such failure satisfactorily accounted for. For ought that appears, that witness might have testified that the notice to delete was not received, nor was the deletion made, until after October 16, 1968, despite what the records showed. As to giving the party opposing the motion for summary judgment the benefit of all inferences, see *Mauldin v. Green,* 124 Ga. App. 557, 560 (184 SE2d 498) and *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442), and cases cited therein.

In this case there are just too many inferences which could be drawn from the evidence to support a summary judg-

ment for movant, which has the effect of demanding a finding of fact that there was no coverage by Hartford in this instance. Accordingly, the lower court did not err in denying the motion.

*Judgment affirmed. Bell, C. J., and Eberhardt, J., concur.*

Argued January 31, 1972—Decided March 7, 1972.

*Henning, Chambers & Mabry, Eugene P. Chambers, Jr.,* for appellant.

*Swertfeger, Scott, Pike & Simmons, M. T. Simmons, Jr., Barwick, Bentley & Binford, Thomas S. Bentley, Warren W. Wills, Jr., Joseph J. Anthony,* for appellees.