## 58826. EASON et al. v. MILLER.

SOGNIER, Judge.

This is a "dog bite" case. Defendant's Great Dane bit the minor plaintiff while she was petting it. Plaintiffs appeal the grant of summary judgment to defendant dog owner; we affirm.

Defendant's affidavits pierced the pleadings as to any vicious propensity of the dog. The plaintiff was obliged to produce some evidence from which it could be found that defendant's dog had a propensity for the mischief complained of, and that the defendant knew of this specific propensity. *Mack v. Galbreath,* 149 Ga. App. 856 (256 SE2d 151) (1979). Plaintiffs rely upon a definition of a Great Dane which they urge upon us — "any of a breed of tall, massive, powerful smooth-coated dogs" — and upon their interpretation of three prior occurrences involving defendant's dog and, respectively, Mrs. Taylor, Eric Johnson, and another dog. But these contentions are not supported by the record and are not sufficient to create an issue of fact.

There is no rule of law that the owner of a tall, massive, powerful dog is ipso facto liable for injury sustained by anyone who pets it — all dogs are considered to be domestic animals regardless of breed; and no inference of a "propensity to do harm of the type which it inflicts" can be drawn from the dog's size or from the fact that it was being walked by defendant owner on a "choke collar." Cf. *McCree v. Burks,* 129 Ga. App. 678 (200 SE2d 491) (1973); *Wright v. Morris,* 143 Ga. App. 571 (239 SE2d 225) (1977). Nor do Mrs. Taylor or Eric Johnson support plaintiffs' contentions, as Mrs. Taylor states in her affidavit that she had never seen the dog bite anyone or make an unprovoked attack on any person, nor had she ever seen it exhibit any hazardous, dangerous, or vicious propensity; and Eric Johnson states that while he was

jogging he was tripped up by the dog when he somehow got between it and defendant, but that there was no biting, growling, attack, or vicious behavior involved, nor was he hurt or frightened in any way. Such facts do not give birth to liability. *Connell v. Bland,* 122 Ga. App. 507 (177 SE2d 833) (1970).

As to the remaining incident relied upon by plaintiffs, the evidence indicates that the Great Dane had a fight with another dog. This is without legal significance in a case of this type. *Banks v. Adair,* 148 Ga. App. 254 (251 SE2d 88) (1978) and cits.

*Judgment affirmed. Banke, J., concurs. McMurray, P. J., concurs in the judgment only.*

ARGUED OCTOBER 30, 1979 — DECIDED FEBRUARY 12, 1980.

*Bobby L. Cobb, Douglas Padgett,* for appellants.
*John V. Burch, Richard Summers,* for appellee.