59638. FITZPATRICK et al. v. HENLEY et al.

CARLEY, Judge.

Colleen Fitzpatrick, a four-year-old child, was bitten by a large sheep dog while playing in her yard. The dog belonged to Nancy Henley who had let the dog out to run early in the morning of the day on which this incident took place. The Fitzpatricks subsequently brought suit against Henley and her parents. The trial court granted summary judgment for Henley and her parents on the Fitzpatricks' claims.

The basis for Henley's defense lay in her contention that she had no knowledge, prior to the incident in question, of any propensities on the part of the dog for dangerous or vicious behavior. The Fitzpatricks, while not disputing this contention, argue that Henley is liable under the doctrine of negligence per se for allowing the dog to run free and thereby violating the local "leash law" ordinance.

The trial court did not err in granting summary judgment in favor of Henley and against the Fitzpatricks. This court has repeatedly held that "where there is a lack of scienter even the breach of a leash law is not sufficient to hold the owner responsible for the acts of the dog." *Jett v. Norris,* 133 Ga. App. 596 (2) (211 SE2d 639) (1974). See also *Turner v. Irvin,* 146 Ga. App. 218 (246 SE2d 127) (1978); *Connell v. Bland,* 122 Ga. App. 507 (177 SE2d 833) (1970).

Proof that the owner of a dog either knew or should have known of the dog's propensity to do the particular act which caused injury

to the complaining party is indispensable to recovery against the owner. *Banks v. Adair,* 148 Ga. App. 254 (251 SE2d 88) (1978). This fundamental principle of law is applicable here and the owner of a dog may not be found liable for an unforeseen and unforeseeable act of the dog simply because the dog was not under the owner's direct control at the time the act took place. As a result, we uphold the trial court's grant of summary judgment exonerating the defendants from liability for this unfortunate occurrence.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

Submitted April 9, 1980 — Decided May 8, 1980 —

*James W. Friedewald,* for appellants.
*Steven J. Kyle, John G. Haubenreich,* for appellees.