## 61239. CLINKSCALES v. HAMMONS.

MCMURRAY, Presiding Judge.

This is not a dog bite case, but is somewhat similar in that it involves a next door neighbor's dog (Saint Bernard) who allegedly forced his way through the gate to the plaintiff's swimming pool (which was enclosed for privacy) and caused substantial damages to the pool by reason of its trespass, being wrongfully in the place where the mischief occurred. The plaintiff filed this tort action for damages to the swimming pool by the dog's destruction of the vinyl lining of

the in-ground swimming pool enclosed within a four foot high fence when the dog entered the pool (apparently falling in while attempting to drink therefrom) causing substantial damage to the pool in an attempt to get out of it. The case was brought upon the legal theories of negligence and trespass. At the trial and at the conclusion of plaintiff's case in chief, the court directed the jury to return a verdict in favor of the defendant. Judgment was entered thereon; and plaintiff appeals. *Held:*

Plaintiff contends that this case is not controlled by Code § 105-110, nor is it an exception as found in Code § 105-111. It was, however, allegedly violative of the local ordinance otherwise known as the leash law, that is, it being unlawful in the county for the owner of any dog to permit, or anyone having a dog in his possession and control to permit, such dog to be "out of control and unattended off the premises of the owner in the unincorporated areas of the county, or upon the property of another person without permission of the owner or person in possession thereof." During the trial the court authorized plaintiff to introduce another certified copy of the animal control ordinance but directed the verdict for defendant before this was done.

The defendant, however, argues that this case is similar to the dog bite cases wherein it has been held that a dog is entitled to the first bite before the owner becomes aware of its propensity to do harm, as family dogs enjoy privileges which other domestic animals do not. See in this connection *Turner v. Irvin,* 146 Ga. App. 218 (246 SE2d 127).

Defendant also cites in her favor such cases as *Wright v. Morris,* 143 Ga. App. 571 (239 SE2d 225) (dog bite, scienter as to propensity to bite); *Jett v. Norris,* 133 Ga. App. 596 (211 SE2d 639) (dog running loose in public street causing collision of automobiles); *Levy v. McKay,* 149 Ga. App. 251 (253 SE2d 872) (dog bite); *Connell v. Bland,* 122 Ga. App. 507 (177 SE2d 833) (lack of knowledge of dog's dangerous propensity); *Mack v. Galbreath,* 149 Ga. App. 856 (256 SE2d 151) (motorcycle colliding with dog in public street); *Eason v. Miller,* 153 Ga. App. 420 (265 SE2d 340) (dog bite, knowledge of vicious propensity).

"In order for the owner of a dog to be liable for its actions, not done by his command, it must be shown that the animal had vicious or dangerous propensities and it must be shown further that the owner knew of such propensities and that the injury complained of resulted therefrom. *Harvey v. Buchanan,* 121 Ga. 384 (49 SE 281); *Friedman v. Goodman,* 124 Ga. 532 (52 SE 892)." *Connell v. Bland,* 122 Ga. App. 507, 509, supra.

This court, in a whole court decision (two judges concurring

specially and one judge dissenting) in *Turner v. Irvin,* 146 Ga. App. 218 (2), supra, held that even the breach of a leash law is not sufficient to hold the owner responsible for the acts of the dog where there is a lack of scienter, citing the case of *Jett v. Norris,* 133 Ga. App. 596 (2), supra, which had relied upon *Connell v. Bland,* 122 Ga. App. 507, 510, supra, and cases cited and discussed in *Connell v. Bland,* supra.

"The weight of authority compels the conclusion that *a dog owner's liability must be predicated solely upon his knowledge that the errant animal has the propensity to cause the specific type of harm from which the cause of action arises."* (Emphasis supplied.) *Banks v. Adair,* 148 Ga. App. 254, (251 SE2d 88).

The trial transcript is devoid of evidence which would establish any knowledge on the part of defendant of any propensity of this dog to injure the property of another. Accordingly, the trial court did not err in directing a verdict for the defendant.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED JUNE 30, 1981.

*Charles L. Day,* for appellant.
*David G. Ross, John T. Marshall,* for appellee.