66932. WELLS et al. v. BEACH.

</div>

POPE, Judge.

Appellant was bitten by a Great Dane owned by appellee. The incident occurred upon appellee's property when appellant ran into the yard from her own adjoining property to investigate loud noises found to have been caused by a dog fight in which appellee's dog had been involved. From the bite, appellant suffered injury to her arm requiring fifty-eight stitches. At the close of appellant's evidence, the trial court granted appellee's motion for directed verdict. Appellant's motion for judgment notwithstanding the verdict or for new trial was subsequently denied and appeal is taken from both orders.

"In order for the owner of a dog to be liable for its actions, not done by his command, it must be shown that the animal had vicious or dangerous propensities and it must be shown further that the owner knew of such propensities and that the injury complained of resulted therefrom. [Cits.]" *Connell v. Bland,* 122 Ga. App. 507, 509 (177 SE2d 833) (1970). A review of the transcript reveals that allegations of prior attacks upon humans by appellee's dog were

supported only by hearsay and, thus, remain unproven. The only competent evidence adduced by appellant at trial to show the dog's dangerous propensities was presented through testimony of an eight-year-old neighborhood child regarding an occurrence some years before the trial. The child testified that, as he was climbing up into a six-to-eight-feet-high treehouse, he slapped the dog to keep it from biting him. The dog then placed a paw on the child's shoe and pulled him. The child fell to the ground and a concussion resulted.

"The weight of authority compels the conclusion that a dog owner's liability must be predicated solely upon his knowledge that the errant animal has the propensity to cause the *specific type of harm from which the cause of action arises.* [Cits.]" (Emphasis supplied.) *Banks v. Adair,* 148 Ga. App. 254 (251 SE2d 88) (1978). Accord, *Clinkscales v. Hammons,* 159 Ga. App. 114 (282 SE2d 738) (1981). In the instant case, appellant failed to show that appellee's dog had the propensity to *bite* humans. Contrary to appellant's assertion that appellee's testimony was equivocal on the question of his knowledge of the incident in which the child fell from the treehouse, we find no such ambiguity. In any event, any knowledge he may have had of the dog pulling the child's foot with a paw does not establish knowledge of the dog's propensity for biting.

"If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." OCGA § 9-11-50(a) (Code Ann. § 81A-150). Appellant failed to show the dog's propensity to bite and appellee's knowledge of such propensity. See *Eason v. Miller,* 153 Ga. App. 420 (265 SE2d 340) (1980). The trial court was, therefore, correct in granting appellee's motion for directed verdict.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 3, 1984.

*Faye D. Levine,* for appellant.
*Teresa A. Saggese, Scott E. Tinnon,* for appellee.