## 68635. SMITH et al. v. CULVER et al.
(322 SE2d 294)

DEEN, Presiding Judge.

On July 25, 1982, the appellee, Jonathan Culver, a 5-year-old child, was attacked and severely injured by a pit bulldog, Snowball, the pet of the appellants, Donald and Patsy Smith. At the time of the incident, Snowball was unattended but chained to a tree on the appellants' unfenced property, and the child had evidently approached the dog. When Donald Smith became aware of the clamorous attack, he rescued the boy and then shot and killed the dog.

On March 14, 1983, Jonathan Culver, by and through his mother Donna Culver, commenced this action, seeking damages for the boy's injuries. The appellants moved for summary judgment on the basis that they were unaware of any vicious or dangerous character or propensity of the dog prior to the incident. The trial court denied that motion, and the appeal followed. *Held*:

OCGA § 51-2-7 provides that "[a] person who owns or keeps a vicious or dangerous animal of any kind and who, by careless management or by allowing the animal to go at liberty, causes injury to another person who does not provoke the injury by his own act shall be liable in damages to the person so injured." Concerning this statutory provision, this court has repeatedly held that "[p]roof that the owner of a dog either knew or should have known of the dog's propensity to do the particular act which caused injury to the complaining party is indispensable to recovery against the owner. *Banks v. Adair*, 148 Ga. App. 254 (251 SE2d 88) (1978) . . . [T]he owner of a dog may not be found liable for an unforeseen and unforeseeable act of the dog simply because the dog was not under the owner's direct control at the time the act took place." *Fitzpatrick v. Henley*, 154 Ga. App. 555, 556 (269 SE2d 60) (1980); accord *Eason v. Miller*, 153 Ga. App. 420 (265 SE2d 340) (1980); *Wells v. Beach*, 169 Ga. App. 736 (315 SE2d 23) (1984). This court has adhered to the scienter requirement even where a dog apparently served as a nighttime watchdog on the owner's commercial premises. *McCree v. Burks*, 129 Ga. App. 678 (200 SE2d 491) (1973). Even if the court were disposed to reconsider the "first bite" rule, we are precluded from doing so because the Supreme Court has likewise endorsed the doctrine. See *Harvey v. Buchanan*, 121 Ga. 384 (49 SE 281) (1904).

In this case, in support of their motion for summary judgment, the appellants submitted an affidavit in which they denied any knowledge or reason to know of previous dangerous or vicious behavior of their dog. They had never known Snowball to attack or bite anyone, or even to display vicious behavior towards strangers. The appellees filed no response or counter affidavit to the appellants' motion and affidavit. The appellees merely asserted by interrogatory (which pre-

ceded the appellants' motion for summary judgment) that evidence of the defendants' prior knowledge would be developed through discovery procedures, and submitted depositions of two neighbors, one of whom claimed that her children had told her that the appellees had warned them not to get near the dog. This particular deposition testimony, of course, was pure hearsay and had no probative value.

In short, the record is devoid of any evidence to contradict the appellants' affidavit denying any knowledge of their dog's propensity to bite or injure humans. Accordingly, there being no issue of fact as to this essential element, the trial court erred in not granting summary judgment for the appellants.

*Judgment reversed. McMurray, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 4, 1984 —
REHEARING DENIED SEPTEMBER 20, 1984 ■

*Stanley M. Karsman, Kenneth L. Royal*, for appellants.
*John B. Achord, Bruce A. Howe*, for appellees.