## 70766. MARSHALL v. PERSON.
(336 SE2d 380)

SOGNIER, Judge.

J. Robert Marshall brought suit against Ruby Person seeking damages for personal injuries incurred when Person's dog jumped on Marshall causing him to lose his balance and fall. Person moved for

summary judgment on the basis of her affidavit denying any knowledge that prior to the incident in question the dog had jumped on or lunged at anyone else and caused them to fall. The trial court granted Person's motion for summary judgment and Marshall appeals.

Appellant contends the trial court erred by granting summary judgment in favor of appellee because a genuine issue of material fact exists whether appellee had prior knowledge of the dog's alleged propensity to jump on or lunge at others. In support of this argument, appellant points to appellee's deposition in which she stated she was aware that the dog would jump playfully on appellee and her daughter.

" 'The owner of a vicious or dangerous animal, who allows the same to go at liberty, is liable to one who sustains injury as a result of the vicious or dangerous tendency of the animal *only in the event the owner knows of its vicious or dangerous character.* If he does not know this, he will not be liable for an injury which is not the usual and natural consequence to be anticipated from allowing an ordinary animal of that kind to go at large.' (Emphasis supplied.) [Cit.]" *Flowers v. Flowers,* 118 Ga. App. 85 (2) (162 SE2d 818) (1968). See also *Parsons v. Ponder,* 161 Ga. App. 723, 724 (1) (288 SE2d 751) (1982). In order to constitute notice to an owner or keeper of an animal's vicious or dangerous nature, there should be an incident which would put a prudent man on notice to anticipate the event which occurred. *Sutton v. Sutton,* 145 Ga. App. 22, 25 (1) (243 SE2d 310) (1978).

The evidence shows that the dog, owned by appellee and fed by appellee and her daughter, had on occasion jumped up on appellee and her daughter in greeting. The evidence is uncontroverted that appellee had never known the dog to jump up on any other family member living at appellee's residence or jump up on any strangers. The evidence is further uncontroverted that appellee had never known the dog to cause anyone to fall.

Even construing the evidence, as we must, in favor of appellant as nonmovant on summary judgment, see *Burnette Ford v. Hayes,* 227 Ga. 551 (181 SE2d 866) (1971), we find no error in the trial court's grant of summary judgment to appellee. "Proof that the owner of a dog either knew or should have known of the dog's propensity to do the particular act which caused injury to the complaining party is indispensable to recovery against the owner. [Cit.]" *Fitzpatrick v. Henley,* 154 Ga. App. 555-556 (269 SE2d 60) (1980). We will not say, as a matter of law, that the jumping or lunging of a dog cannot constitute dangerous behavior. See *Flowers,* supra at 86 (4). However, in the case sub judice, in the absence of any knowledge by appellee that the dog had jumped on or lunged at others or caused anyone to fall, we hold that an owner's knowledge of a dog's frolicsome affection which is directed solely towards the owners is not such knowledge of a

pattern of dangerous behavior as to put a reasonably prudent person on notice that the animal may cause injury by displaying such behavior towards another at a later date. See *Sutton,* supra; *Eason v. Miller,* 153 Ga. App. 420 (265 SE2d 340) (1980); *McCree v. Burks,* 129 Ga. App. 678 (200 SE2d 491) (1973). We note that the events in this case predate the 1985 amendment to OCGA § 51-2-7, effective July 1, 1985, and that many rulings cited herein may become inapplicable under that statute's amended provisions.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED OCTOBER 23, 1985.

*Antonio L. Thomas,* for appellant.
*Robert B. Hocutt,* for appellee.