### 73079. STANGER et al. v. CATO.
(356 SE2d 97)

Carley, Judge.

While an invitee at appellee-defendant's business establishment, appellant-plaintiff Mrs. Stanger fell. The fall was allegedly caused by appellee's dog. Mrs. Stanger and her husband sued appellee for damages allegedly resulting from the fall. Appellee answered and subsequently moved for summary judgment. The trial court granted summary judgment in favor of appellee and appellants appeal.

Appellants urge that genuine issues of material fact remain as to appellee's liability under two legal theories. They rely upon OCGA § 51-2-7, which provided, at the time relevant to this case, as follows: "A person who owns or keeps a vicious or dangerous animal of any kind and who, by careless management or by allowing the animal to go at liberty, causes injury to another person who does not provoke the injury by his own act shall be liable in damages to the person so injured." "Proof that the owner of a dog either knew or should have known of the dog's propensity to do the particular act which caused injury to the complaining party is indispensable to recovery against the owner. [Cit.]" *Fitzpatrick v. Henley*, 154 Ga. App. 555-556 (269 SE2d 60) (1980). Construing the evidence of record most strongly in favor of appellants, there is absolutely no genuine issue of any material fact remaining upon which appellee's liability under OCGA § 51-2-7 could be predicated. To the extent that *Carr v. Young*, 120 Ga. App. 464 (170 SE2d 834) (1969) holds that the dog's breed and size and the fact of the dog's general restraint is evidence of the owner's knowledge of the dog's vicious or dangerous propensities, it is inconsistent with the correct rule. See *McCree v. Burks*, 129 Ga. App. 678 (200 SE2d 491) (1973); *Wright v. Morris*, 143 Ga. App. 571 (239 SE2d 225) (1977). Accordingly, *Carr v. Young*, supra, is overruled and summary judgment in favor of appellee was correctly granted as to this theory of recovery.

Appellants also rely upon OCGA § 51-3-1, which provides: "Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." With regard to any claim under OCGA § 51-3-1, there is absolutely no evidence of any superior knowledge upon which to base a finding of appellee's foreseeability of the incident which occurred. *Clark v. Carla Gay Dress Co.*, 178 Ga. App. 157 (342 SE2d 468) (1986). Therefore, summary judgment was also correctly granted to appellee under this theory of recovery.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., Banke, P. J., Sognier and Pope, JJ., concur. McMurray, P. J., Benham and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent that summary judgment was demanded as a matter of law in this case which involves Mrs. Stanger's being knocked to the ground by defendant's Doberman Pinscher dog, not yet a year old, while she was an invitee at Cato's plant nursery. It is not a dog bite case, nor is it a vicious dog case.

Appellants principally assert that summary judgment was improper because there was sufficient evidence to create an issue of fact as to whether the nursery owner anticipated or foresaw the possibility of customers being injured if his dog and an employee's dog were allowed out on the premises while customers were present; secondly, that the court incorrectly relied on OCGA § 51-2-7, the statute providing for the liability of an owner or keeper of a vicious or dangerous animal for injuries caused by the animal, rather than OCGA § 51-3-1, which states the duty of an owner or occupier of land to an invitee.

The trial court's order granting summary judgment does not specify the legal theory on which it relied, and the balance of the record is also silent in this regard.

Plaintiffs alleged in their complaint and also now argue that defendant was aware that when his Doberman Pinscher and another Doberman Pinscher kept on the property were allowed to freely roam the premises, they would become playful and pose a threat to the safety of invitees and further, that he failed to take reasonable precautions to protect invitees from dangers which were "easily foreseeable" and therefore breached his duty to exercise ordinary care in keeping the premises safe for Mrs. Stanger's use. In addition, the complaint alleged that defendant was negligent and caused injury to Mrs. Stanger "by keeping a vicious animal and by careless management." Since all "pleadings will be construed to serve the best interests of the pleader," *Rodgers v. Ga. Tech Athletic Assn.*, 166 Ga. App.

156, 161 (2) (b) (303 SE2d 467) (1983), the complaint sufficiently raised the possibility of recovery under either OCGA § 51-2-7 or OCGA § 51-3-1. Thus the propriety of summary judgment under both theories is at issue on appeal.

There is liability under OCGA § 51-2-7 for the animal's act " ' "*only in the event the owner knows of its vicious or dangerous character.* If he does not know this, he will not be liable for an injury which is not the usual and natural consequence to be anticipated from allowing an ordinary animal of that kind to go at large." [Emphasis supplied]. (Cit.)' [Cits.] In order to constitute notice to an owner or keeper of an animal's vicious or dangerous nature, there should be an incident which would put a prudent man on notice to anticipate the event which occurred. [Cit.] . . .

" 'Proof that the owner of a dog either knew or should have known of the dog's propensity to do the particular act which caused injury to the complaining party is indispensable to recovery against the owner. (Cit.)' [Cit.]" *Marshall v. Person,* 176 Ga. App. 542, 543 (336 SE2d 380) (1985).

Defendant denied that his dog had ever exhibited any vicious or dangerous propensities or that he had any knowledge of any persons having been injured as a result of any actions of the dog prior to the incident with Mrs. Stanger. He further denied that he had any knowledge which would cause him to reasonably foresee that a customer or any other person might be injured by the activities of his dog.

In deposition, he added that it was very uncommon for his dog to run up and down the nursery walkways; that prior to Mrs. Stanger's injury, he had not told his employee not to allow her dog out of the office if his dog was out in the nursery area; that it was very unusual for the employee's dog to be out of the office because the employee did not want her dog to get in the road; that he would have discussed with the employee her dog being confined to the office when customers were on the premises if he would have thought it necessary since he was a "very conscious safety-minded person," and that if he had thought at the time that it was unsafe for his customers to let either dog out he would not have permitted either dog out.

In Mrs. Stanger's counter-affidavit, she stated: "Subsequent to the injury, Mr. Cato told me, in the presence of Millie Botesky, that ordinarily both dogs were not allowed out on the premises simultaneously because they played together. Furthermore, Mr. Cato said that ordinarily the dog owned by Ms. Evans was not allowed out of the office area when customers were on the premises. The dog which knocked me down came from behind me and, therefore, I did not see it coming."

Botesky's affidavit was similar and added that on all of her previous visits to the nursery, the employee's dog was only in the office and

not out on the nursery premises.

Cato deposed that he did not remember making any statement to Mrs. Stanger or the friend that accompanied her to the nursery that he did not allow the smaller dog out while there were customers on the premises.

" 'A summary judgment should not be rendered unless there is no genuine issue as to any material fact and unless the moving party is entitled to a judgment as a matter of law. (OCGA § 9-11-56). The burden is upon the movant to affirmatively show that there is no genuine issue and that he is entitled to a summary judgment. The party opposing the motion for a summary judgment is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists. The evidence must be construed most favorably to the opposing party, and *the trial court must give him the benefit of all favorable inferences that may be drawn from the evidence.* [Cits.]' *Smith v. Sandersville Production Credit Assn.*, 229 Ga. 65, 66 (189 SE2d 432) (1972)." *Norton v. Ga. R. Bank & Trust*, 253 Ga. 596, 603 (322 SE2d 870) (1984). (Emphasis supplied.) Construing the evidence presented on summary judgment in favor of the respondent plaintiffs, the trial court could not have ignored the reasonable inference, from statements in both the Stanger and Botesky affidavits that Cato did not permit the dogs to be on the premises together because they would play together, that the dogs were not permitted at play around the customers because of the perceived potential risk to the customers in light of the dogs' size and frolicsome nature. A jury could make such inference favorable to plaintiffs and find that Cato "either knew or should have known of the dog's propensity to do the particular act which caused injury" to Mrs. Stanger. *Marshall v. Person*, supra. Therefore, I would hold that judgment in favor of the defendant nursery as a matter of law was not warranted under OCGA § 51-2-7.

Because of the reasonable inferences which can be drawn favorably to plaintiffs from evidence presented in response to the motion for summary judgment, their claims would also survive scrutiny under OCGA § 51-3-1. The evidence does not foreclose the finding that Cato had " ' "superior knowledge . . . of the existence of a condition that [might have subjected] the invitee to an unreasonable risk of harm." ' " *Burdine v. Linquist*, 177 Ga. App. 545, 546 (340 SE2d 198) (1986).

I am authorized to state that Judge Benham joins in this dissent.

DECIDED MARCH 19, 1987 —

REHEARING DENIED APRIL 3, 1987 — 

*Kirby R. Moore*, for appellants.

*John C. Edwards*, for appellee.