74192. GILBERT et al. v. HUDSPETH.
(357 SE2d 601)

SOGNIER, Judge.

Lawrence Gilbert and his wife, Patricia Gilbert, brought suit

against J. P. Hudspeth seeking damages for personal injuries and loss of consortium, respectively, incurred as a result of an attack on Lawrence Gilbert by three dogs owned by Hudspeth. Hudspeth moved for summary judgment on the basis of his affidavit denying any knowledge that prior to the incident in question his dogs had bitten or unprovokedly attacked anyone. The trial court granted Hudspeth's motion for summary judgment and the Gilberts appeal.

We affirm. The only evidence appellants submitted was the affidavit of Lawrence Gilbert stating that 10 to 14 days prior to the injury-inflicting incident he was threatened and chased by the growling and barking of the same three dogs as he passed appellee's residence, and that he "believed" he would have been bitten at that time had appellee not called off his dogs. Appellants presented no evidence to show appellee knew or should have known of his dogs' propensities to attack and bite. Appellee's affidavit, which showed lack of scienter, was thus unrebutted. " 'Scienter is a necessary and a material fact which must be shown before there can be any finding of liability against the defendant. [OCGA § 51-2-7]. "(U)nder this section it is still necessary, as at common law, to show not only that the animal was vicious or dangerous, but also that the owner or keeper knew of this fact." [Cit.] "It must appear that the animal had a propensity *to do the act which caused the injury* and that the defendant knew of it." [Cits.]' (Emphasis supplied.) [Cit.]" *Banks v. Adair*, 148 Ga. App. 254 (251 SE2d 88) (1978). See also *Smith v. Culver*, 172 Ga. App. 183 (322 SE2d 294) (1984). We note that the events in this case predate the 1985 amendment to OCGA § 51-2-7, effective July 1, 1985, and that many rulings cited herein may become inapplicable under that statute's amended provisions. Contrary to appellants' argument, a violation of the county leash law does not negate the burden on appellants to show scienter in order to allege a valid cause of action. *Brown v. Pierce*, 176 Ga. App. 787 (338 SE2d 39) (1985).

*Judgment affirmed. Beasley, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED MAY 19, 1987.

*William M. Simon*, for appellants.
*Stanley Karsman*, for appellee.