74836. FREEMAN v. FARR et al.
(363 SE2d 48)

POPE, Judge.

Defendant James Farr maintained a woodworking shop in his garage where he occasionally took special orders for carpentry and cabinet-making for customers. On January 27, 1984 plaintiff Bessie Mae Freeman left work with a friend who drove her to Farr's place of business. Plaintiff got out of a car in defendants' driveway and walked toward the garage with the intention of placing an order with Farr for a cabinet. Thinking Farr was not in his shop, plaintiff walked past the garage and commenced to walk around the corner of the building with the intention of cutting through an open field on her way to a nearby store where she knew her husband was waiting to meet her to drive her home. As she rounded the corner, about five to ten feet beyond the garage, defendants' German shepherd dog, which was chained to a post near the garage, allegedly bit plaintiff's hand and knocked her into a ditch. Plaintiff brought a complaint for personal injuries against defendant Farr and his wife, alleging defendants knew the vicious disposition of the dog and yet negligently failed to restrain and manage the dog. Plaintiff appeals from the lower court's grant of summary judgment to defendants. Both enumerations of error raised by plaintiff relate to whether sufficient evidence exists to create an issue of fact as to whether defendants had knowledge of the alleged dangerous propensity of the animal. We will, therefore, address the two enumerations as one.

At the time this incident occurred, the applicable statute provided: "A person who owns or keeps a vicious or dangerous animal of any kind and who, by careless management or by allowing the animal to go at liberty, causes injury to another person . . . shall be liable in damages to the person so injured." OCGA § 51-2-7 (subsequently amended by Ga. L. 1985, p. 1033, § 1, effective July 1, 1985). "Concerning this statutory provision, this court has repeatedly held that '(p)roof that the owner of the dog either knew or should have known of the dog's propensity to do the particular act which caused injury to the complaining party is indispensable to recovery against the owner.

[Cit.]'" *Smith v. Culver*, 172 Ga. App. 183 (322 SE2d 294) (1984).

The evidence shows the dog was restrained by a chain attached to a post. However, the size of the dog, its breed and the fact that the defendants kept it restrained do not establish any inference that defendants knew the dog to be dangerous. *Stanger v. Cato*, 182 Ga. App. 498 (356 SE2d 97) (1987). The affidavit of a neighbor attesting that he had observed the dog tugging on its chain and lunging menacingly at passersby is irrelevant to show defendants knew or should have known of the alleged vicious propensity of the animal. The only evidence presented in the record on the issue of defendants' knowledge of the animal's disposition was an admission against interest allegedly made by Farr to plaintiff's husband after the incident that if the dog were turned loose from his chain "he would hurt you." Defendant Farr denies making such statement and both defendants deny any knowledge that the dog was vicious or had the propensity to bite or knock down passersby.[1] Even if a jury were to believe Farr made this admission, it would only show the owner knew the dog should be restrained, which it was. The simple fact that a dog is restrained on a chain may not be sufficient to establish the owner is free from liability for "careless management" pursuant to OCGA § 51-2-7. Obviously, liability for the acts of a restrained dog depends on where the dog is chained in proximity to those he might injure. Here the evidence shows the dog was chained behind or next to a garage in an open field. The location of the dog obviously did not create a danger for persons who could reasonably be expected to approach the business or shop located in defendants' garage. The evidence shows the dog was confined at a location where defendants would not reasonably expect the dog to pose any danger. No evidence was presented to show defendants knew the dog had lunged or threatened persons passing near the dog. Under these facts no evidence exists to show defendants had practiced careless management of their dog.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur in judgment only.*

DECIDED NOVEMBER 10, 1987.

*Theodore P. Bianco*, for appellant.
*H. Andrew Owen, Jr., Perry A. Phillips*, for appellees.

---

[1] Defendants' knowledge that their dog, while still a puppy, had "nipped" a neighbor's hand as the puppy ate a sandwich out of her hand is insufficient to show knowledge of a vicious propensity to bite passersby.