### 46914. CARTER et al. v. IDE.

HALL, Presiding Judge. In an action for injuries received by the son from a dog, father and son plaintiffs appeal from the grant of summary judgment to the defendant owner.

1. Appellee's motion to dismiss is denied. *Buffalo Holding Co. v. Shores,* 124 Ga. App. 868 (186 SE2d 339).

2. The evidence is substantially undisputed. The issue is whether plaintiff has presented specific facts creating a genuine issue on scienter in rebuttal to defendant's denial by affidavit that he had any knowledge the dog had ever attacked, bitten or menaced any person. Plaintiffs and defendant are next door neighbors. The court had the depositions of both sets of husbands and wives for consideration in passing upon this motion. All of them agree that to their knowledge the dog had never shown vicious tendencies toward a human being. In fact, the parents of the injured boy allowed their daughter to visit and play with the animal. However, the dog was kept chained or indoors most of the time because of complaints following some incidents with other animals. On one occasion he chased a cat; on another he engaged in a fight with another male shepherd over a female in heat; on another he unexplainedly went after a passing poodle.

Plaintiffs contend that knowledge of attacks on other animals, combined with the confinement, is sufficient to show defendant's knowledge of the dog's vicious tendencies and therefore to create liability under *Code* § 105-110.

We believe that knowledge or notice that a dog will behave

ferociously toward other animals is not necessarily notice that it will attack human beings. See Prosser, Torts § 57 (2d Ed.); 2 Harper & James, Torts, § 14.11. This is an application of the broader rule: "It is not enough, however, that the possessor of the animal has reason to know that it has a propensity to do harm in one or more specific ways; it is necessary that he have reason to know of its propensity to do harm of the type which it inflicts." 3 Restatement of Torts § 509, Comment g.

This rule was applied by this court to hold that knowledge that a horse has thrown a rider does not show a propensity to kick. *Chandler v. Gately,* 119 Ga. App. 513 (2) (167 SE2d 697). See also *Starling v. Davis,* 121 Ga. App. 428 (174 SE2d 214).

Without more than is shown here, we cannot say there is a jury issue on the question of knowledge that the dog had a propensity to attack human beings. While a previous attack would not necessarily be required, at least some form of menacing behavior would be. The evidence here does not show so much as a single growl. The trial court did not err in granting summary judgment.

*Judgment affirmed. Quillian, J., concurs. Pannell, J., concurs in the judgment only.*

SUBMITTED FEBRUARY 1, 1972—DECIDED FEBRUARY 23, 1972.

*Howard P. Wallace,* for appellants.

*Dunaway, Shelfer, Haas & Newberry, William S. Shelfer, Jr.,* for appellee.