## 48512. McCREE v. BURKS et al.

STOLZ, Judge. The plaintiff appeals from the judgment of the Superior Court of Fulton County sustaining defendant Harold Burks' motion for summary judgment.

On December 15, 1969, the plaintiff drove his automobile into a service station owned by defendant Shell Oil Company and operated by defendant Harold Burks under a lease agreement with Shell, to purchase gasoline. While an attendant was servicing the plaintiff's automobile, the plaintiff sought to use the men's restroom. As the plaintiff walked toward the rear of the station, the plaintiff noticed a large German Shepherd dog, which appeared to be restrained by a chain or rope, approximately 3 or 4 feet beyond the back line of the building. As the plaintiff approached, the dog lunged at the plaintiff, but was restrained by the rope or chain. The plaintiff, believing the dog to be securely restrained, continued to seek the men's restroom. The dog made another lunge at the plaintiff, breaking the rope or chain, and came toward the plaintiff as if to attack him. The plaintiff, in turning to retreat from the dog, fell, sustaining various injuries, including a fracture of the left wrist.

The showing on the motion was that, while the plaintiff had made purchases at the service station in the past, he had neither sought to use the men's restroom, nor been aware of the dog previously. Defendant Burks made affidavit in support of his motion for summary judgment, which stated that he had purchased the dog from the Atlanta Humane Society, where he had been told at the time of purchase "that the dog was a friendly dog—that the dog's previous owner simply had more dogs than he could financially afford and thus gave several to the Humane Society"; that he had owned the dog approximately one year; that, during this time, the dog never bit any person, never

attacked any person, never threatened to attack any person, and never showed any propensities to being either vicious, dangerous, or a hazard. Defendant Burks' affidavit further showed that he had neither heard from anyone, and no one had ever told him, of any previous bitings by this dog, or attacks or anything of this nature. On the occasion in question, the dog was wearing a collar and was restrained by a six-foot chain. *Held:* "A dog is a domestic animal (*Wilcox v. State,* 101 Ga. 653, 28 SE 981, 39 LRA 709); and this is true regardless of its breed. Under the provisions of the Code, § 105-110, which is but a restatement of the common law, to support an action for damages for injuries sustained by being bitten by a dog, it is necessary to show that the dog was vicious, and that the owner had knowledge of that fact. *Harvey v. Buchanan,* 121 Ga. 384 (49 SE 281)." *Hays v. Anchors,* 71 Ga. App. 280 (1) (30 SE2d 646). See also *Flowers v. Flowers,* 118 Ga. App. 85 (162 SE2d 818). "Scienter is a necessary and a material fact which must be shown before there can be any finding of liability against the defendant. Code § 105-110. 'Under this section it is still necessary, as at common law, to show not only that the animal was vicious or dangerous, but also that the owner or keeper knew of this fact.' *Friedman v. Goodman,* 124 Ga. 532, 535 (52 SE 892). It must appear that the animal had a propensity to do the act which caused the injury and that the defendant knew of it. *Reed v. Southern Express Co.,* 95 Ga. 108, 110 [22 SE 133, 51 ASR 62]; *Browder-Manget Co. v. Calhoun Brick Co.,* 138 Ga. 277 (75 SE 243); *Cooper v. Layson Bros.,* 14 Ga. App. 134 (80 SE 666); *Wright v. Turner,* 35 Ga. App. 241 (132 SE 650)." *Chandler v. Gately,* 119 Ga. App. 513, 518 (167 SE2d 697). See also *Starling v. Davis,* 121 Ga. App. 428 (174 SE2d 214); *Connell v. Bland,* 122 Ga. App. 507 (177 SE2d 833).

In the case before us, there is no evidence that defendant Burks had knowledge that his dog had ever shown a propensity to do the act which caused the plaintiff's injury. The plaintiff's contention—that a clear inference is drawn where the owner of a large dog keeps it restrained by a six-foot chain during the day and uses the same dog to protect his place of business during the nighttime—is a contradiction of the owner's averments that he had no knowledge that the dog had "shown any propensities at [sic] being either vicious, dangerous or a hazard."

The closest Georgia case that our research has revealed is *Carter v. Ide,* 125 Ga. App. 557 (188 SE2d 275). In that case, the plaintiffs and the defendant were next-door neighbors. All parties agreed

that, to their knowledge, the dog had never shown any vicious tendencies toward a human being. However, the dog was kept chained or indoors most of the time because of complaints following some incidents with other animals. The plaintiffs contended that knowledge of attacks on other animals, combined with confinement, was sufficient to show the defendant's knowledge of the dog's vicious tendencies and, therefore, create liability under Code § 105-110. The trial court and this court rejected the plaintiffs' theory, holding, " 'It is not enough, however, that the possessor of the animal has reason to know that it has a propensity to do harm in one or more specific ways; it is necessary that he have reason to know of its propensity to do harm of the type which it inflicts.' " *Carter v. Ide,* supra, p. 558 and cit. The court went on to note that, "[W]hile a previous attack would not necessarily be required, at least some form of menacing behavior would be." We cannot hold that, under the evidence before us, an inference exists which is sufficient to create a jury question as to the defendant's knowledge of any dangerous propensity of the animal in question.

The trial judge correctly granted the defendant's motion for summary judgment, and his judgment is hereby affirmed.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED SEPTEMBER 5, 1973 — DECIDED SEPTEMBER 18, 1973.

*Jackson, Patterson, Park & Franklin, Clayton Sinclair, Jr., Isabel Gates Webster,* for appellant.

*Neely, Freeman & Hawkins, Albert H. Parnell,* for appellees.