48550. THOMAS et al. v. RICHARDSON et al.

HALL, Presiding Judge. In an action for injuries inflicted on the
child Carol Thomas by a dog named "Poochie," Carol and her
father, plaintiffs (Thomases) appeal from the grant of a
summary judgment to the defendants-owners (Richardsons).

On the motion, the depositions of the Thomases and Carol and of
the Richardsons and their young son Robbie were in evidence,
as well as affidavits of the Richardson parents both of whom
stated that the dog was kept in a fenced yard, they had no
previous knowledge that he was vicious, and they knew him to
be gentle.

The evidence shows that both Robbie and Carol were about 9 years
old on the day in question. They and other children were playing
in an area adjacent to the Richardsons' fenced yard. One of the
other children chided Robbie about possibly being afraid of his
own dog, Poochie, and Robbie denied it and went into the fenced
enclosure which held the dog. Carol said she was not afraid

either, and also went inside the fence. Robbie testified that he yelled to her to keep out but she went in anyway, climbing over trashcans to get inside the five foot fence. Carol testified that she could not remember how she got inside. The dog attacked her and bit her on the face and inflicted other injuries on her legs and arms. Mrs. Richardson came out when she heard the children yelling and helped get the dog off Carol, who was taken to the hospital. After emergency room treatment for the other injuries, a doctor suggested that a plastic surgeon be retained to repair a long gash under one eye. This was done, and Carol remained at the hospital overnight. The evidence as to the dog showed that it was half German Shepherd and half Boxer and weighed 80 pounds. It roamed the back yard freely, but the record is silent as to its ever being allowed anywhere else. The Richardsons never warned anybody that the dog was dangerous. There was no lock on the fence to keep children out. After the incident Carol's parents heard from neighborhood children that the dog had previously attacked a child named Jimmy and bitten him on the shoulder; and they testified of this rumor in their depositions. Robbie stated that event happened when Jimmy and Robbie decided to "test" Poochie to see if he would come to Robbie's defense if Jimmy approached in a threatening manner. Poochie then attacked Jimmy during this experiment and scratched him on the back, and Robbie's mother came out and helped him get the dog off Jimmy who ran home crying. Robbie's mother, in her testimony, however, denied that the dog actually touched Jimmy and said only that the dog ran at him or ran between him and Robbie. Robbie and his mother told his father about the incident involving Jimmy; however Robbie's father testified that Robbie told him he had told the dog to "get" Jimmy, and that explained the occurrence to the father's satisfaction.

Appellants say the single issue is whether these facts are adequate to raise a jury question on the Richardsons' negligence in keeping the dog. The pertinent statute is Code § 105-110: "A person who owns or keeps a vicious or dangerous animal of any kind, and who, by careless management of the same, or by allowing the same to go at liberty, causes injury to another who does not, by his own act, provoke the injury, shall be liable in damages to the person so injured."

In addition to arguing their lack of knowledge of the dog's propensities, the Richardsons argue that the dog was not at liberty because he was always kept inside the fence; and that the

lack of a lock was not negligent as to Carol since she did not go through the gate but went over the fence.

Plaintiffs contend that these facts are adequate to present a genuine issue on the question of defendants' knowledge of the dog's vicious tendencies under Code § 105-110. We disagree. See *Carter v. Ide,* 125 Ga. App. 557 (188 SE2d 275); *Keener v. Tate,* 123 Ga. App. 484 (181 SE2d 547); *Starling v. Davis,* 121 Ga. App. 428 (174 SE2d 214).

*Judgment affirmed. Evans and Clark, JJ., concur.*

ARGUED SEPTEMBER 14, 1973 — DECIDED OCTOBER 5, 1973.

*James O. Goggins,* for appellants.
*Dennis & Fain, Thomas S. Carlock,* for appellees.