## 54365. WRIGHT et al. v. MORRIS.

BIRDSONG, Judge.

Appellant sued appellee for damages in the State Court of Muscogee County for damages in the amount of $26,000. The complaint alleged that the appellee knowingly kept certain ferocious, vicious and mis-chievous dogs which possessed traits making said dogs vicious to people; that the dogs were negligently allowed at large and that Ronald Wright, appellant, was attacked by the appellee's dogs and was injured and suffered intense pain and suffering. Appellee denied the contentions of appellant. The case came on for trial and a jury was impaneled. The appellant presented his evidence at the conclusion of which the trial court directed a verdict in favor of the appellee.

Appellant by enumeration of error contends that the trial court erred in directing a verdict for the appellee. This court in the case of *Keener v. Tate,* 123 Ga. App. 484 (181 SE2d 547), stated that the two essential elements that must be proved in order to recover in a case of this nature are: (1) the animal has a vicious or dangerous character, and (2) knowledge of this propensity on the part of the owner.

In the case sub judice, the appellant contends that a sign, stating "Beware of Dog," posted on the fence surrounding the home of the appellee, was sufficient to raise a jury question regarding the liability of the appellee. With this contention we do not agree. The fact that a sign appeared on a fence surrounding appellee's home is not, alone, sufficient. This would tend merely to put third parties on notice that the premises contained a dog and does not in and of itself establish or tend to establish knowledge of the propensities of the resident animal. Similarly such a sign does not create any admission by the owner or occupant of the premises as to

the animal's traits. The appellant had the burden of proof to show by a preponderance of the evidence that the dogs were vicious or dangerous and that the appellee knew of these traits. Evidence of the mentioned warning sign does not meet this burden.

In the case of *Thomas v. Richardson,* 129 Ga. App. 834 (201 SE2d 653), this court affirmed the grant of summary judgment for owners of a dog that had bitten a young girl. A comparison of the evidence in the *Thomas* case with that contained in the instant case shows that in the *Thomas* case much more evidence as to the nature and character of the dog involved was shown than in the instant case, yet summary judgment for the dog owners in the *Thomas* case was held proper.

Lastly, Mrs. Carolyn Wright, mother of the appellant Ronald Wright, negated any knowledge of a vicious or dangerous character of the dogs when she testified as follows: "Q. Later on that˙ evening did you have any conversation with Mrs. Morris? [wife of appellee]. A. No, that same ... while I was at the emergency room she called up there. Q. Did she talk with you? A. Yes. Q. What did she tell you? A. She said she was sorry and that's the first time the dog had ever did [sic] anything like that before." (Emphasis supplied.)

The trial court did not err in granting the motion for directed verdict for the appellee.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

Argued September 6, 1977 — Decided October 18, 1977.

*Grogan, Jones, Layfield & Swearingen, Michael Agnew,* for appellants.

*H. Norwood Pearce, Kenneth S. Stepp,* for appellee.