## 56765. BANKS et al. v. ADAIR.

BIRDSONG, Judge.

Dog bite case. Mrs. Banks and her minor son brought an action for injuries against Adair, alleging that Adair's dog had injured the minor child. From the grant of a directed verdict in favor of Adair, Mrs. Banks and son appeal. *Held:*

"Scienter is a necessary and a material fact which must be shown before there can be any finding of liability against the defendant. Code § 105-110. '[U]nder this section it is still necessary, as at common law, to show not only that the animal was vicious or dangerous, but also that the owner or keeper knew of this fact.' [Cit.] 'It must appear that the animal had a propensity *to do the act which caused the injury* and that the defendant knew of it.' [Cits.]" (Emphasis supplied.) *Chandler v. Gately,* 119 Ga. App. 513, 518 (167 SE2d 697). In short, "[t]he owner is not responsible for the acts of his dog where there is a lack of scienter." *McNair v. Jones,* 137 Ga. App. 13, 14 (223 SE2d 27). See *Turner v. Irvin,* 146 Ga. App. 218 (246 SE2d 127).

The scienter requirement is stated more strictly in *Carter v. Ide,* 125 Ga. App. 557, 558 (188 SE2d 275): " 'It is not enough, however, that the possessor of the animal has reason to know that it has a propensity to do harm in one or more specific ways; it is necessary that he have reason to know of its propensity to do *harm of the type which it inflicts.*' [Cit.]" (Emphasis supplied.) Thus, the *Carter* court ruled that knowledge of a dog's propensity to attack other animals is not the equivalent of knowledge that it will attack humans. Similarly, this court has held that the scienter requirement of Code Ann. § 105-110 is not satisfied by the dog owner's use of a restraining chain, *McCree v. Burks,* 129 Ga. App. 678 (200 SE2d 491), or the posting of a "Beware of Dog" sign. *Wright v. Morris,* 143 Ga. App. 571 (239 SE2d 225). The weight of authority compels the conclusion that a dog owner's liability must be predicated solely upon his knowledge that the errant animal has the propensity to cause the specific type of harm from which the cause of action arises. *Turner v. Irvin,* supra; *McNair v. Jones,* supra; *Chandler v. Gately,*

supra.

Appellants rely heavily upon the following language contained in *Carter v. Ide,* supra, at p. 558: "While a previous attack would not necessarily be required, at least some form of menacing behavior would be." However, the *Carter* holding was based on the fact that "[t]he evidence . . . [did] not show so much as a single growl." Id. Clearly, the language cited by appellants is mere dicta, and, insofar as it suggests that a dog's menacing behavior would alone be sufficient to apprise its owner of the animal's vicious propensities, we decline to follow it as controlling precedent, noting the well recognized adage that a dog's bark is often worse than its bite.

The trial transcript is devoid of evidence which would establish the appellee's knowledge of his dog's propensity to bite or injure humans. Accordingly, the trial court did not err in directing a verdict for the appellee. *Wright v. Morris,* supra. See *Turner v. Irvin,* supra; *McNair v. Jones,* supra.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED OCTOBER 12, 1978 — DECIDED NOVEMBER 7, 1978 —
REHEARING DENIED NOVEMBER 28, 1978 —
CERT. APPLIED FOR.

*Manning & Manning, Brince H. Manning, Jr., James H. Weeks,* for appellants.

*Sam F. Lowe, Jr., Sam F. Lowe, III,* for appellee.