### 63055. PARSONS v. PONDER.

SOGNIER, Judge.

Ponder sued Parsons for injuries suffered when Ponder was attacked and bitten by Parsons' dog. The jury returned a verdict in

favor of Ponder for actual and punitive damages, and Parsons appeals.

1. Appellant contends that the trial court erred in denying her motion for judgment n.o.v. or new trial because there was insufficient evidence to support the jury verdict in favor of Ponder. A dog owner's liability is predicated upon his knowledge that the errant animal has the propensity to cause the specific type of harm from which the cause of action arises. *Banks v. Adair,* 148 Ga. App. 254 (251 SE2d 88) (1978). There was evidence in the instant case to show that appellant's dog bit and scratched appellee; that on at least one previous occasion appellant's dog had bitten another person, and that appellant knew about the prior incident. In considering a motion for judgment n.o.v. the evidence must be viewed in the light most favorable to the party who has secured the jury verdict, and the verdict must be construed by the trial and appellate courts in the light most favorable to upholding the jury verdict. *Bryant v. Colvin,* 160 Ga. App. 442, 444 (278 SE2d 238) (1981). Hence, the trial court did not err in denying appellant's motion for judgment n.o.v.

2. Appellant contends that the trial court erred in submitting the case to the jury on the issue of exemplary damages. Appellant points out and our research has shown that there are no cases in Georgia in which punitive damages have been awarded in a dog bite situation. However, this does not necessarily mean that there is a prohibition against punitive damages in such cases. Each case should be viewed on its facts and in accordance with our laws and statutes regarding exemplary damages.

Code Ann. § 105-2002 provides: "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." " '[T]o authorize the imposition of exemplary damages, or punitive damages as they are commonly called, under Code Ann. § 105-2002 there must be evidence of wilful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences.' *General Refractories Co. v. Rogers,* 240 Ga. 228, 230 (239 SE2d 795)." *Suber v. Fountain,* 151 Ga. App. 283, 287 (259 SE2d 685) (1979). If any of these elements are present, a jury is authorized to hold the tortfeasor liable for exemplary damages in addition to actual damages. *Eckert v. Louisville & N. R. Co.,* 142 Ga. App. 5, 6 (234 SE2d 819) (1977).

The record discloses that on more than one occasion prior to the incident in question "Bite Reports" and orders to quarantine appellant's dog were issued by the County Health Department.

There was testimony from appellant's neighbors that the dog had attacked and bitten a child and that appellant had been asked to keep the dog locked up. Despite appellant's knowledge of the dog's propensity to bite human beings, the dog was allowed to run at large.

The evidence in this case was sufficient to support the jury's determination that aggravating circumstances existed and that exemplary damages were authorized. We will not disturb the jury's verdict in this regard. *Guest v. Riddle,* 237 Ga. 535, 537 (228 SE2d 910) (1976).

3. Appellant's other enumerations of error are entirely without merit.

4. Appellee's motion to assess 10% damages is denied.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MARCH 4, 1982 —
REHEARING DENIED MARCH 18, 1982 —

*Sam F. Lowe, Jr., Sam F. Lowe III,* for appellant.
*James W. Lewis,* for appellee.