A95A1111. ROWLETTE et al. v. PAUL et al.
(466 SE2d 37)

ANDREWS, Judge.

This case is before us on appeal from the trial court's grant of

summary judgment to the Pauls on the Rowlettes' claim for damages incurred when Denise Rowlette was attacked by the Pauls' beagle.

Construing the evidence in favor of the Rowlettes as non-movants on summary judgment, the record shows that Denise Rowlette, who was employed by Appraisal Research, went to the Pauls' house in order to verify and update information for the Oglethorpe County Tax Assessor's Office. Rowlette did not notify the Pauls in advance of her intended survey. On the day of the attack, Rowlette and a co-worker, Ike Temple, drove into the driveway and Temple got out and went toward the front door. The car which Rowlette and Temple were driving had two magnetic plastic signs on the doors which read: "County Re-evaluation." Both Rowlette and Temple wore ID cards with their pictures on them, identifying them as employees of Appraisal Research. They saw a lady through the front window, later identified as Mrs. Paul, who turned and disappeared as Temple walked toward the front door. Temple then told Rowlette to go around to the back of the house. As Rowlette, who was wearing a raincoat with a hood pulled up over her head due to the inclement weather, came around the corner to the back of the house, she was attacked by Flash, the Pauls' five-year-old beagle. Rowlette stated that the dog was on the back porch with the Pauls' 17-year-old daughter, Aimee, and Mrs. Paul, although Mrs. Paul said that she did not come out on the porch until after she heard the commotion.

According to Rowlette, the dog jumped down on her from the porch, causing a hematoma on her right breast where he landed on her, and then bit her on her left calf and left arm. Both Aimee and Mrs. Paul called to the dog to stop, but Rowlette testified in her deposition that Mrs. Paul told her "we can't handle the dog." Rowlette went back to her car and she and Temple drove back to the company office in Lexington. She then went to her home in Winder and from there drove to Athens where she was treated at the emergency room of St. Mary's Hospital.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. . . . A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a [genuine] jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." (Empha-

sis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

In order to support an action for damages under OCGA § 51-2-7, it is necessary to show that the dog was vicious or dangerous and that the owner had knowledge of this fact. *McCree v. Burks*, 129 Ga. App. 678, 679 (200 SE2d 491) (1973). "Scienter is a necessary and a material fact which must be shown before there can be any finding of liability against the defendant." (Citation and punctuation omitted.) Id. "It is not enough, however, that the possessor of the animal has reason to know that it has a propensity to do harm in one or more specific ways; it is necessary that he have reason to know of its propensity to do harm of the type which it inflicts." (Citation and punctuation omitted.) *Carter v. Ide*, 125 Ga. App. 557, 558 (188 SE2d 275) (1972).

Even construing the evidence, as we must, in favor of the Rowlettes, the record shows that the only time Flash ever displayed aggressive behavior was approximately one year before the incident in this case, when he jumped up and bit Mr. Paul's uncle on the buttocks. The uncle, who was still dressed in his work clothes from the quarry, had on a white dust mask and a hat and surprised the sleeping dog by banging on the back porch. Although the dog bite tore his pants, he did not need any medical attention. Other than this one incident, the dog had never growled at anyone, attacked anyone, or displayed any type of vicious behavior. Here, the Pauls had no reason to know that the dog would attack a stranger coming into the backyard. Flash had never shown any propensity for viciousness and had never attacked anyone in this manner before. Jumping up and biting someone on the buttocks who is dressed strangely in work clothes with a white dust mask and a hat because he startled the dog by banging on the porch was not sufficient to show a dangerous propensity for viciousness such that the Pauls were on notice that the dog would launch an unprovoked attack on a stranger coming into the yard. Therefore, the Rowlettes are unable to prove an essential element of their case; namely, that the Pauls knew of the dog's propensity to inflict harm in this particular manner. *Carter*, supra at 558. Accordingly, the trial court correctly granted summary judgment to defendants on the issue of liability.

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Johnson and Smith, JJ., concur. Blackburn, J., concurs in part and dissents in part. McMurray, P. J., Pope, P. J., and Ruffin, J., dissent.*

McMurray, Presiding Judge, dissenting.

In my view, the evidence in the case sub judice raised issues of fact as to negligence, diligence, comparative negligence, contributory negligence, proximate cause, and the exercise of ordinary care for

one's protection which are peculiarly matters for the jury and the trial court should not take the place of the jury in solving them, except in plain and indisputable cases. See *Bussey v. Dawson*, 224 Ga. 191, 193 (160 SE2d 834). Consequently, I would hold that the trial court erred in granting summary judgment to defendants because there are issues of material fact in the case sub judice that must be resolved by a jury.

1. The superior court found in its findings of fact that "[o]n February 17, 1992, Plaintiff [Denise W. Rowlette] was employed by Appraisal Research, Inc. to assess property in Oglethorpe County for tax purposes. As part of her employment, Plaintiff arrived at the Defendants' house. Plaintiff came unannounced and uninvited. Defendant Mrs. Paul saw Plaintiff and her coworker drive into the Defendants' driveway. Mrs. Paul walked away from the window toward the rear of the house. Plaintiff believed that Mrs. Paul wanted to meet her at a side or back door, so she walked around the side of the house into the back yard. When Plaintiff entered the Defendant's back yard, Defendants' dog, an unaltered five-year-old beagle, jumped off the porch and onto Plaintiff. The dog lunged towards Plaintiff's throat and bit her right chest. The dog bit her several times, including bites on her left calf and left leg. In addition, Plaintiff suffered a serious hematoma on her right breast. At the time the dog attacked Plaintiff, Mrs. Paul and . . . the Defendants' 17-year-old daughter, were on the back porch. While the dog attacked Plaintiff, Mrs. Paul stated 'we can't handle the dog.' In addition, the dog was dry when it attacked her, even though a light rain had been falling throughout the day. The dog had, approximately one year prior to this incident, bitten Mr. Paul's uncle once on the buttocks. Mr. Paul's uncle had surprised the dog by banging on the Defendants' back porch. The dog bit him once in the buttocks, tearing his pants some, but not causing him to require any medical attention. Other than this allegedly vicious incident, Defendants state that the dog has never displayed any vicious behavior. Plaintiff suffered injury from the dog attack and subsequently brought this action against Defendants. Defendants move for summary judgment on the ground that they had no notice that the dog would attack a person in the manner that it attacked Plaintiff. In addition, Defendants move for summary judgment on the issue of punitive damages on the ground that no evidence exists for the imposition of such damages."

In the court's conclusions of law, the court found "Defendants are entitled to total summary judgment. Plaintiff has failed to show that the Defendants were aware or should have been aware of their dog's alleged vicious propensity to attack in the way it attacked Plaintiff. In addition, Defendants are entitled to summary judgment because Plaintiff has failed to show the existence of facts which would support the imposition of punitive damages. The Court has consid-

ered the relevance of Plaintiff's status upon the Defendants' property, i.e. whether Plaintiff was an invitee, licensee or trespasser, but does not in any part base its decision on this point."

OCGA § 51-2-7, *as amended effective July 1, 1985*, provides: "A person who owns or keeps a vicious or dangerous animal of any kind and who, by careless management or by allowing the animal to go at liberty, causes injury to another person who does not provoke the injury by his own act may be liable in damages to the person so injured. In proving vicious propensity, it shall be sufficient to show that the animal was required to be at heel or on a leash by an ordinance of a city, county, or consolidated government, and the said animal was at the time of the occurrence not at heel or on a leash."

Regarding liability vel non, defendants urge that "[t]here is no proof the dog had a vicious or dangerous character, no proof of a pattern of dangerous behavior and no proof that the Pauls knew of a propensity to attack persons as alleged by appellants."

"To prevail on summary judgment, defendant[s were] required affirmatively to negate one or more essential elements of the complaint. *Corbitt v. Harris*, 182 Ga. App. 81, 83 (354 SE2d 637) (1987); *Reed v. Adventist &c. Systems/Sunbelt*, 181 Ga. App. 750, 752 (2) (353 SE2d 523) (1987); OCGA § 9-11-56 (c). As posed by the conflicting views of the parties, the question is whether the evidence establishes beyond a jury's debate that defendant[s] met the legal standard so as not to be liable within the terms of the statute." *Evans-Watson v. Reese*, 188 Ga. App. 292 (372 SE2d 675) (1988). Moreover, "[t]he credibility of a witness is a matter to be determined by the jury under proper instructions from the court." OCGA § 24-9-80.

2. "OCGA § 51-12-5.1 (b) applies to all causes of action arising after July 1, 1987, and provides that: 'Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant[s'] actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.' . . . The issue on summary judgment [as to punitive damages] is whether, in light of the defendants' knowledge of the previous dog bite, the actions they took or failed to take to prevent a similar occurrence amounted to evidence of wilful or wanton misconduct or that entire absence of care that raises the presumption of conscious indifference to the consequences. In *Parsons v. Ponder*, 161 Ga. App. 723 (288 SE2d 751) (1982) this court found sufficient evidence to support the jury's punitive damages award when the defendant[s] knew the dog had previously bitten another person, and, despite that knowledge, the dog was allowed to roam free." *Powell v. Ferreira*, 198 Ga. App. 465, 466 (402 SE2d 85).

In the case sub judice, the evidence would authorize a conclusion

by the jury that the dog was deliberately set on plaintiff Denise W. Rowlette as she was conducting the county's business of revaluing real property for taxation and further that nothing was done to stop the attack, with defendant lamely saying "We can't handle the dog." This is evidence of that callous and conscious indifference to the consequences that will support an award of punitive damages, should the jury find them to be appropriate in this case. *Parsons v. Ponder*, 161 Ga. App. 723, 724 (2), 725, supra. Consequently, the trial court in the case sub judice also erred in granting summary judgment as to punitive damages.

I am authorized to state that Presiding Judge Pope joins in this dissent, and that Judge Blackburn joins in Division 1 of this dissent.

DECIDED DECEMBER 5, 1995 —
RECONSIDERATION DENIED DECEMBER 20, 1995 —

*McArthur & McArthur, John J. McArthur, Russell & Mingledorff, Currie M. Mingledorff*, for appellants.

*McLeod, Benton, Begnaud & Marshall, Richard L. Brittain*, for appellees.