A97A2002. JOHNSON et al. v. KVASNY et al.
(495 SE2d 651)

MCMURRAY, Presiding Judge.

This is a dog bite case. Seven-year-old plaintiff Brandon Johnson was a guest in the home of defendants Jeffrey and Lynette Kvasny. The Kvasnys owned a Rottweiler dog, Damion, which the child was seen approaching on his hands and feet shortly before being bitten. The child and his guardian, Roland Johnson, filed this action under OCGA § 51-2-7 alleging negligence and that defendants should have known of the animal's violent propensities. "In order to support an action for damages under OCGA § 51-2-7, it is necessary to show that the dog was vicious or dangerous and that the owner had knowledge of this fact. *McCree v. Burks*, 129 Ga. App. 678, 679 (200 SE2d 491) (1973)." *Rowlette v. Paul*, 219 Ga. App. 597, 599 (466 SE2d 37).

The defendants moved for summary judgment relying upon Georgia's long-time adherence to the so-called "first bite" rule which requires that in order for the owners of a dog to be liable to a dog bitten victim, there must be proof of scienter, that is, that the owners knew or should have known of the dog's propensity to do harm of the type it inflicts upon the complaining party. *Rowlette v. Paul*, 219 Ga. App. 597, 599, supra; *Smith v. Culver*, 172 Ga. App. 183 (322 SE2d 294); *Banks v. Adair*, 148 Ga. App. 254 (251 SE2d 88); *Carter v. Ide*, 125 Ga. App. 557, 558 (2) (188 SE2d 275). The defendants contend that they had no knowledge of any vicious propensities of the Rottweiler.

Plaintiffs attempted to prove scienter via the affidavit of Kimberly Johnson, mother of plaintiff Brandon Johnson and wife of plaintiff Roland Johnson. The affidavit provides evidence that while Kimberly Johnson was at the Kvasny home to pick up her injured son, Mrs. Kvasny had stated to her "that she had told her husband to get rid of the dog because she knew that something like this would

happen" and that "the dog had previously growled at [defendants' son] Durrell and had then bitten Durrell on the leg." Mrs. Kvasny denied having told Mrs. Johnson that the dog had bitten her son.

The superior court granted defendants' motion for summary judgment. Plaintiffs appeal. *Held*:

We reverse. First, we note that Kimberly Johnson's affidavit presented admissible evidence with regard to the statements of defendant Lynette Kvasny, who denies having made the statements related in the affidavit. An inconsistent prior statement by an opposing party is admissible as an exception to the hearsay rule. *Colbert v. Doe*, 164 Ga. App. 618 (1) (298 SE2d 592). See also OCGA § 24-3-31; *Roper v. Durham*, 256 Ga. 845 (353 SE2d 476); *Mayo v. Owen*, 208 Ga. 483, 486 (1) (67 SE2d 709); *Gusky v. Candler Gen. Hosp.*, 202 Ga. App. 837, 838 (3) (415 SE2d 541).

The affidavit clearly presents evidence that the defendants had knowledge of a previous bite. " 'It is not enough, however, that the possessor of the animal has reason to know that it has a propensity to do harm in one or more specific ways; it is necessary that he have reason to know of its propensity to do harm of the type which it inflicts.' (Citation and punctuation omitted.) *Carter v. Ide*, 125 Ga. App. 557, 558, [supra]." *Rowlette v. Paul*, 219 Ga. App. 597, 599, supra. In other words, an essential element of a dog bite claim is that defendants knew of the dog's propensity to inflict harm in the particular manner in which plaintiff was injured. The final issue is whether, on motion for summary judgment, this element of plaintiffs' claim was supported by any evidence.

An absence of evidence to support any element of plaintiffs' case would require, under the holding in *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474), application of the principle that a defendant who will not bear the burden of proof at trial need not affirmatively disprove the claim against him, but may discharge his burden as moving party on motion for summary judgment by reference to an absence of evidence in the record to support the nonmoving party's case. In the case sub judice, evidence that Mrs. Kvasny "knew that something like this would happen" provides some proof that defendants knew of the Rottweiler's propensity to inflict harm in the particular manner in which plaintiff Brandon Johnson was injured. There is no absence of proof as to any element of plaintiffs' claim. The resolution of the credibility issue presented by the conflict in the evidence is properly reserved for a jury. The superior court erred in granting defendants' motion for summary judgment.

*Judgment reversed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 14, 1998.

*Regina L. Myers*, for appellants.
*Allen & Associates, David W. Wallace*, for appellees.