### A98A1255. HAMILTON v. WALKER et al.
#### (510 SE2d 120)

BLACKBURN, Judge.

In this "dog bite" tort action, Sarah B. Hamilton, on behalf of her daughter, Sarah E. Hamilton (Sarah), appeals the trial court's grant of summary judgment to Richard and Evelyn Walker, contending that the Walkers should have known that their dog had vicious propensities prior to its attack on Sarah, and, as such, the Walkers should be liable for Sarah's injuries. Because there is no evidence that the Walkers' dog ever bit anyone prior to biting Sarah, we affirm the trial court's decision which comports with Georgia's "first bite" rule.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

At the time of the incident in question, the Walkers' dog was in their fenced yard, where four-year-old Sarah had been admonished by her playmates not to go. Nevertheless, Sarah entered the fenced yard, approached the dog and was bitten thereby. Although the confined dog had growled, barked, and otherwise appeared threatening to strangers approaching the house or yard in the past, it is undisputed that it had never *bitten* anyone prior to this incident.

Georgia's first bite rule holds that a dog owner is liable for damages only if he has knowledge that his dog has the "propensity to do the *particular act* [biting] which caused injury to the complaining party." (Punctuation omitted; emphasis supplied.) *Smith v. Culver*, 172 Ga. App. 183 (322 SE2d 294) (1984); *Fitzpatrick v. Henley*, 154 Ga. App. 555 (269 SE2d 60) (1980). The test requires two determinations: (1) whether the dog has the propensity to do the act which caused the injury (biting), and (2) if so, whether the owner had knowledge of that propensity. *Rowlette v. Paul*, 219 Ga. App. 597 (466 SE2d 37) (1995).

With regard to the first prong, this Court consistently has held that the dog must have, on a prior occasion, done the same act which resulted in the injury comprising the tort action. *Johnson v. Kvasny*,

230 Ga. App. 162 (495 SE2d 651) (1998); *Rowlette*, supra; *Smith*, supra; *Banks v. Adair*, 148 Ga. App. 254 (251 SE2d 88) (1978); *Carter v. Ide*, 125 Ga. App. 557 (2) (188 SE2d 275) (1972). Thus, where a dog was known to chase people, but had never chased a car or motorcycle, the owner had no knowledge that the dog might chase a motorcyclist causing him to wreck. *McNair v. Jones*, 137 Ga. App. 13, 14 (2) (223 SE2d 27) (1975). But, summary judgment granted to the dog owner was reversed where the dog was known to chase people and the plaintiff was injured when she fell while being chased by the dog. *Evans-Watson v. Reese*, 188 Ga. App. 292 (372 SE2d 675) (1988). Likewise, where a dog had on several occasions grabbed or nipped people, or ripped their clothes without actually biting, there was sufficient evidence to support a verdict which found the owner should have had knowledge of the dog's propensity to bite. *Torrance v. Brennan*, 209 Ga. App. 65, 67 (2) (432 SE2d 658) (1993).

Acts of aggressive or menacing behavior have not been found to show a dog's propensity to bite. A dog's attacks on other animals were insufficient to put an owner on notice that the dog might attack people. *Carter*, supra. Additionally, a startled dog which had bitten a strangely dressed visitor had not shown a propensity to bite. *Rowlette*, supra.

In *Thomas v. Richardson*, 129 Ga. App. 834 (201 SE2d 653) (1973), the plaintiff was bitten when she entered the fenced yard of a playmate whose family owned the dog. In that case, the evidence of the dog's propensity to bite consisted of a prior incident where a neighbor's child decided to "test" the dog to see if it would defend the owner's child. The dog attacked the neighbor's child, although it was disputed whether the dog bit the child. This Court held these facts did not present a genuine issue regarding the dog's propensity to bite. Id.

Likewise, the facts in this case do not present a genuine issue regarding the dog's propensity to bite. Menacing behavior is all that the Hamiltons have shown. This Court has specifically declined to establish a rule that a dog's menacing behavior should put an owner on notice of a dog's propensity to bite. "[I]nsofar as [*Carter*, supra,] suggests that a dog's menacing behavior would alone be sufficient to apprise its owner of the animal's vicious propensities, we decline to follow it as controlling precedent, noting the well recognized adage that a dog's bark is often worse than its bite." *Banks*, supra at 255. There is no evidence of the dog's propensity to bite, the particular act which caused injury here, so the first prong of the test is not met. Accordingly, the trial court appropriately granted summary judgment in favor of the Walkers.

We note that the 1985 modification of the dog bite statute, OCGA § 51-2-7, eliminating strict liability standards on owners of

vicious or dangerous animals does not change the result of this case. The 1985 modification simply brings the amount of statutory liability more in line with the liability imposed by common law. The new statute does not purport to change the "first bite" rule. Rather, it supports the limited protection of the "first bite" rule for pet owners by removing an inflexible strict liability standard.

*Judgment affirmed. Andrews, C. J., Johnson, P. J., and Smith, J., concur. McMurray, P. J., Eldridge, J., and Senior Appellate Judge Harold R. Banke dissent.*

Judge Harold R. Banke, dissenting.

At issue is whether Hamilton succeeded in showing the existence of material facts as to the dangerous propensity of the Walkers' dog. Because my review of the evidence convinces me that we cannot say as a matter of law that this animal was not vicious or dangerous, summary judgment was improper.

I question the majority's reliance on cases decided under the former dog bite statute, which was radically amended in 1985 to eliminate language which had imposed strict liability on owners of vicious or dangerous animals. OCGA § 51-2-7. The amendment substituted the word "may" for "shall" in the following sentence. "A person who owns or keeps a vicious or dangerous animal of any kind and who, by careless management or by allowing the animal to go at liberty, causes injury to another person who does not provoke the injury by his own act *may* be liable in damages to the person so injured." (Emphasis supplied.) OCGA § 51-2-7.

The so-called "first bite" rule mitigated the harshness of the former strict liability language. By judicial construction, the rule added a knowledge requirement to the prima facie statutory cause of action. *Harvey v. Buchanan*, 121 Ga. 384, 385 (49 SE 281) (1904) ("The scienter was the gist of the action."). The present statute vitiates the need for this judge-made rule and undermines its authority. The latest amendment contemplates a showing of "vicious propensity." Rather than turning on the owner's actual or constructive knowledge, dog bite cases under the amended statute must necessarily focus on the degree of vicious propensity, nullifying the precedential value of authority requiring that the animal previously caused the identical harm. See, e.g., *McNair v. Jones*, 137 Ga. App. 13, 14 (2) (223 SE2d 27) (1975) (summary judgment granted to owner where his dog previously chased people but not motorcycles). While proof of a prior bite may conclusively establish that the animal is vicious and dangerous, under the amended law, that showing may be made in other ways as well. The pre-amendment authority allowing one free bite is no longer viable.

I am authorized to state that Presiding Judge McMurray and

638

Judge Eldridge join in this dissent.

DECIDED DECEMBER 4, 1998 ▮▮▮▮▮▮▮▮▮▮▮▮

*Harrison & Harrison, Anthony L. Harrison,* for appellant.
*Whelchel, Brown, Readdick & Bumgartner, Richard A. Brown,
Jr., Raleigh W. Rollins,* for appellees.