## A04A1612. RAITH v. BLANCHARD et al.
### (611 SE2d 75)

RUFFIN, Chief Judge.

Tracey Raith sued Grady and Jennifer Blanchard for damages she allegedly sustained when the Blanchards' dog bit her. The Blanchards subsequently moved for summary judgment. The trial court granted the motion, finding that the Blanchards lacked superior knowledge of the dog's temperament and that Raith assumed the risk of her injuries. Raith appeals, and for reasons that follow, we reverse.

Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law.[1] On appeal, we review a trial court's grant of summary judgment de novo, construing the evidence and all inferences drawn from it in a light favorable to the nonmovant.[2]

Viewed in this manner, the evidence shows that, on July 27, 2002, Raith and her husband attended a party at the Blanchards' home. At some point during the evening, Satchel, the Blanchards' Lhasa Apso dog, bit Raith on the lip while Raith was on her knees "at the dog's level," trying to pet the dog. Grady Blanchard and a party guest reported that Satchel growled at Raith as she approached him at his level. Other persons at the party heard a growl, then turned to see Raith holding her lip.

---

[1] *Hamilton v. Walker*, 235 Ga. App. 635 (510 SE2d 120) (1998).
[2] See id.

Katherine Cherry, Raith's mother, testified that she spoke with Jennifer Blanchard after the incident. According to Cherry, Jennifer stated that "she 'should have warned [Raith] to stay away from the dog.' " Kathryn Blair, a neighbor of the Blanchards, also testified that prior to July 2002, she saw Satchel running loose in the street and picked him up. At that point, Satchel "went after" her face, trying to bite her. Blair dropped the dog, but Satchel "turned around and nicked at [her] hand" with his teeth, drawing a small amount of blood. Blair never mentioned the incident to the Blanchards. On another occasion in late 2001 or early 2002, Blair attended a party at the Blanchards' home and asked Jennifer where the dogs were. Jennifer responded that she did not allow the dogs in the house when company was there because Satchel " 'could bite somebody.' "

The Blanchards disputed Blair's testimony, asserted that Satchel had not bitten anyone before he bit Raith, and claimed that they had never had a problem with him. Several individuals who occasionally cared for Satchel also offered testimony regarding his mild-mannered and friendly behavior.

1. In Georgia, a dog owner is liable for damages "only if the owner has knowledge that the 'dog has the propensity to do the particular act (biting) which caused injury to the complaining party.' "[3] A plaintiff must show that the dog had the propensity to do the act and that the owner had knowledge of that propensity.[4] Although this traditionally has been described as Georgia's "first bite rule," the rule does not literally require a first bite.[5] Instead, " 'the true test of liability' is the owner's 'superior knowledge of his dog's temperament.' "[6]

The Blanchards argue, and the trial court found, that Raith presented no evidence that Satchel had previously exhibited vicious behavior or that the Blanchards possessed superior knowledge of such behavior. We disagree.

Raith offered evidence that Satchel bit or "nicked" Blair on the hand before July 2002, raising a question of fact regarding Satchel's propensity to bite.[7] Furthermore, although Blair did not tell the Blanchards about this incident, Jennifer Blanchard's statement to Blair that she did not allow Satchel in the house with guests because

---

[3] *Wade v. American Nat. Ins. Co.*, 246 Ga. App. 458, 459 (1) (540 SE2d 671) (2000).

[4] See id.

[5] *Phiel v. Boston*, 262 Ga. App. 814, 816 (1) (586 SE2d 718) (2003).

[6] *Wade*, supra at 461.

[7] See *Hamilton*, supra at 635-636 (propensity to bite may be shown by evidence that dog bit someone on a prior occasion). Cf. *Harper v. Robinson*, 263 Ga. App. 727, 729 (2) (589 SE2d 295) (2003) (physical precedent only) (plaintiff failed to show that dog had propensity to harm people where evidence demonstrated that dog had not previously bitten or attacked another person).

he " 'could bite somebody,' " as well as her admission to Raith's mother that she should have warned Raith to stay away from Satchel, raise a jury question as to whether the Blanchards knew that Satchel had a propensity to bite.[8]

We recognize that the Blanchards presented evidence that Satchel was friendly, well behaved, and had never caused a problem before he bit Raith. Construed favorably to Raith, however, the disputed evidence presents a jury question as to the Blanchards' superior knowledge of Satchel's temperament.

2. In granting summary judgment to the Blanchards, the trial court alternatively found that Raith assumed the risk of her injuries by continuing to interact with Satchel after he growled at her. Several people at the party reported that Satchel growled at Raith just before biting her. And Jennifer Blanchard testified that earlier in the evening, Raith told Jennifer that Satchel had growled when she tried to kiss him.

The defense of assumption of the risk "bars recovery when the evidence shows that the 'plaintiff, without coercion of circumstances, chooses a course of action with full knowledge of its danger and while exercising a free choice as to whether to engage in the act or not.' "[9] To establish this defense, the Blanchards must show that Raith had actual knowledge of the danger that Satchel might bite her, understood and appreciated the risks associated with that danger, and voluntarily exposed herself to the risks.[10] Whether a plaintiff assumed the risk is ordinarily a jury question, except in cases involving plain, palpable, and undisputed evidence.[11]

The Blanchards argue that Raith assumed the risk as a matter of law by ignoring Satchel's growl and approaching him at his level. Under Georgia law, however, "barking and growling amount, at most, to what has been characterized as menacing behavior."[12] Standing alone, such behavior does not demonstrate a vicious propensity or put a dog owner on notice that the dog will bite.[13] We thus fail to see how

---

[8] See *Supan v. Griffin*, 238 Ga. App. 404, 406 (519 SE2d 22) (1999) (although dog bite victim apparently presented no evidence that dog had previously bitten another person, dog owner's prior statement to neighbor that neighbor should do "whatever was necessary . . . to keep [owner's] dogs from attacking and off of [neighbor's] property" raised genuine issue of material fact as to owner's knowledge of his dogs' tendency to attack humans); *Johnson v. Kvasny*, 230 Ga. App. 162, 163 (495 SE2d 651) (1998) (trial court erred in granting summary judgment to dog owner in dog bite case because owner's statement to mother of bite victim that owner " 'knew that something like this would happen' " provided some proof that owner knew of dog's propensity to inflict harm in the manner in which victim was injured).

[9] *Durham v. Mason*, 256 Ga. App. 467, 469 (2) (568 SE2d 530) (2002).

[10] See id.

[11] See id.

[12] *Durham v. Mooney*, 234 Ga. App. 772, 773 (1) (507 SE2d 877) (1998).

[13] See id.; *Hamilton*, supra at 636 ("Acts of aggressive or menacing behavior have not been

Satchel's growl gave Raith actual notice, as a matter of law, that he might bite if she approached him.

Because a dog's growl does not put the dog owner on notice of the dog's propensity to bite, it can hardly be viewed as plain and palpable evidence that a third party actually knew about and appreciated the danger that the dog might bite. Accordingly, the trial court erred in granting summary judgment to the Blanchards on their assumption of the risk defense.[14]

*Judgment reversed. Adams and Bernes, JJ., concur.*

DECIDED FEBRUARY 21, 2005.

*Brian K. Panessa*, for appellant.
*Lynn M. Leonard*, for appellees.

---

found to show a dog's propensity to bite.").

[14] Cf. *Mason*, supra (trial court properly granted summary judgment to dog owners based on dog bite plaintiff's assumption of the risk by petting dog, given evidence that dog had previously growled at plaintiff, plaintiff was afraid of dog and felt dog was unpredictable, and plaintiff knew dog had bitten someone before).