## A09A1043. KRINGLE v. ELLIOTT.
(686 SE2d 665)

BARNES, Judge.

Norma Kringle on behalf of her then seven-year-old son, Steven Lloyd, brought an action against Cindy Elliott for injuries the child sustained when he was bitten by Elliott's golden retriever. At trial, the trial court granted Elliott's directed verdict motion on the ground that because this was the dog's first bite of a human, under Georgia's "first bite" rule there was no cause of action. Kringle appeals contending that the trial court erred in granting Elliott's motion in limine to exclude evidence which Kringle argues created an inference that the dog had attacked other animals, and in directing a verdict in Elliott's favor. Because the excluded evidence did not indicate the owner had any reason to suspect the dog had a propensity to bite, the trial court did not abuse its discretion in granting the motion or directing a verdict in Elliott's favor.

On the day of the incident, Steven went into Elliott's backyard to play with some other neighborhood children. Elliott's golden retriever, Skip, was on a chain in the fenced backyard. There were other children in the backyard, including a little girl who was playing with the dog when Steven was bitten. Steven testified that he jumped on a trampoline for a while and then went over to pet the dog because "the dog looked nice." When he reached out to pet the dog, "it jumped on [him] and bit [him]."

Georgia generally adheres to the "first bite" rule in deciding whether a dog owner has knowledge that his dog has the propensity to bite someone. *Hamilton v. Walker*, 235 Ga. App. 635 (510 SE2d 120) (1998). This rule, however, does not "literally require a first

bite." *Phiel v. Boston*, 262 Ga. App. 814, 816 (1) (586 SE2d 718) (2003).

> Under this rule, a dog owner will be liable for damages only if the owner has knowledge that the dog has the propensity to do the particular act (biting) which caused injury to the complaining party. Under this test, the plaintiff must show whether the dog had the propensity to do the act that caused the injury and, if so, whether the owner had knowledge of that propensity.

Id. "[I]n order to infer the requisite knowledge there must be at least one incident that would cause a prudent person to anticipate the actual incident that caused the injury." *Durham v. Mooney*, 234 Ga. App. 772, 773 (1) (507 SE2d 877) (1998).

1. Kringle first contends that the trial court erred in granting Elliott's motion in limine to exclude evidence that the dog had previously attacked other animals. She argues that the evidence was relevant to provide "a more complete picture of the dog," and as circumstantial evidence that Elliott was aware the dog had a propensity to inflict harm.

The admission of evidence is within the trial court's sound discretion, which will not be disturbed on appeal absent abuse. *McEntyre v. McRae*, 240 Ga. App. 148 (1) (522 SE2d 731) (1999). Generally, "[a]ny evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant." (Punctuation omitted.) *Allen v. State*, 137 Ga. App. 755, 756 (1) (224 SE2d 834) (1976).

In a proffer of the evidence at issue made after the directed verdict, Elliott testified that at some time before the biting incident, she noticed that her dog had something in its mouth. What she thought was a toy was actually a dead kitten. Elliott testified that there were no puncture wounds on the kitten, so she was not sure if the kitten was dead when the retriever put it in its mouth, and if "[the dog] could have been doing what his breed is [bred to do] . . . retrieving it." She also testified that during a casual conversation with a neighbor who was moving, the neighbor said that she had once found the golden retriever in her backyard with one of her puppies who was sickly and eventually died, and that she thought maybe the dog had killed the puppy. Elliott said that the neighbor was not sure because the dogs were playing in the yard, there were no bite marks, and that the puppy was sickly and they had expected it to die. The neighbor said that her son took the dog back to Elliott's yard.

Here, at most, the evidence created an inference that the dog had previously harmed a puppy and a kitten. There is no evidence, however, establishing that the harm was caused by a vicious attack rather than the overzealous play of a large dog. Although a dog's attacks on other animals may be generally insufficient to put an owner on notice that the dog might attack people, *Hamilton v. Walker*, supra, 235 Ga. App. at 636, such attacks may be relevant as to the owner's knowledge of the dog's temperament and subsequent notice that the dog might bite someone. See *Supan v. Griffin*, 238 Ga. App. 404, 406 (519 SE2d 22) (1999). In this case, however, the evidence did not show the dog ever attacked another animal. Thus, as the evidence at issue did not show the owner had any reason to suspect the dog would bite a person, the trial court did not abuse its discretion in excluding the testimony about the other animals.

2. Kringle contends that the trial court erred in directing a verdict in Elliott's favor. Pursuant to OCGA § 9-11-50 (a), a directed verdict is authorized only when "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, . . . demand[s] a particular verdict." Where the trial court has granted a motion for directed verdict, we review the record de novo, construing the evidence in favor of the nonmovant. *Hilb, Rogal & Hamilton Co. of Atlanta v. Holley*, 295 Ga. App. 54, 56 (1) (670 SE2d 874) (2008). Here, "[w]hile a previous attack would not necessarily be required, at least some form of menacing behavior would be." *Carter v. Ide*, 125 Ga. App. 557, 558 (188 SE2d 275) (1972) (physical precedent only). See *Raith v. Blanchard*, 271 Ga. App. 723, 725 (1) (611 SE2d 75) (2005) (issue existed as to dog owner's knowledge of vicious propensity where owner's statement that dog "could bite somebody" was made after dog previously "nicked" someone's hand with its teeth after trying to bite them in the face); *Supan v. Griffin*, supra, 238 Ga. App. at 406 (owner's statement that neighbor should "do whatever was necessary . . . to keep the dogs from attacking," which came after dogs had been involved in an attack, created issue of material fact as to dog owner's knowledge of dog's propensity to bite). Compare *Thurmond v. Saffo*, 238 Ga. App. 687 (520 SE2d 43) (1999) (physical precedent only) (dog's previous attempt to bite someone who evaded the animal sufficient to raise jury issue about the owner's knowledge).

Here, the only evidence that may have indicated the dog's propensity to bite was speculative at best, as no one actually saw the dog attack the puppy or the kitten, neither of which had bite marks, and there was no other indication that the dog had ever bitten or attacked another animal. The neighborhood children regularly played in Elliott's backyard where the dog was kept, and Steven even

testified that "Skip had never been mean to another person" before he was bit.

Because

[Kringle] has introduced no evidence that this dog had ever bitten anyone before and also has introduced no evidence that the dog had a tendency to attack humans or that [Elliott] had any knowledge about the dog's temperament that would have put [her] on notice that the dog would bite someone . . . , [Elliott] was entitled to a directed verdict on the issue of [her] dog's propensity to bite.

*Phiel v. Boston*, supra, 262 Ga. App. at 817 (1).
 *Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED NOVEMBER 13, 2009.

*John C. Cotton*, for appellant.
 *Young, Thagard, Hoffman, Smith & Lawrence, Charles A. Shenton IV*, for appellee.