## A11A1221. STOLTE v. HAMMACK.
(716 SE2d 796)

ANDREWS, Judge.

Edward Stolte sued Andrew Hammack for injuries received when a dog attacked him inside a townhouse owned by Hammack. Stolte sought recovery under the vicious animal statute (OCGA § 51-2-7) and the premises liability statute (OCGA § 51-3-1). The trial court granted summary judgment to Hammack as to both theories, concluding that Hammack did not have superior knowledge of the dog's viciousness. For reasons that follow, we affirm.

"Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law." *Raith v. Blanchard,* 271 Ga. App. 723 (611 SE2d 75) (2005). "On appeal, we review a trial court's grant of summary judgment de novo, construing the evidence and all inferences drawn from it in a light favorable to the nonmovant." Id.

Viewed in the light most favorable to the plaintiff, the record shows that Stolte, Hammack, Lauren Davis (Hammack's girlfriend), and Chris Marek lived together in a townhouse owned by Hammack. Hammack and Davis shared a room, while Stolte and Marek had their own rooms. Davis's dog Cujo, a pit bull, also lived in the townhouse.

On April 27, 2008, the dog bit Stephanie Gannon, a friend of Marek's who was visiting at the townhouse. Gannon testified that there were four people in the house when she arrived, Stolte, Hammack, Marek, and Hammack's stepbrother. She stated that Stolte, Hammack, and Hammack's stepbrother were all in one area talking to her. At some point, Marek came down the stairs, and the dog suddenly attacked Gannon. Although Gannon initially said that it was her understanding that "everyone was in the room" at the

time, she later stated that she could not remember who was there when the dog attacked her.

Stolte said that he was not present when the attack occurred but that he heard about it the following morning from Marek. Stolte also saw Gannon's injuries the day after the attack. This was the first time that, to Hammack's and Stolte's knowledge, the dog had bitten or attacked anyone.

Following the attack, Gannon, who worked as an insurance adjustor, warned Hammack and Davis of their potential liability if the dog were to bite someone else. Davis, however, was reluctant to part with the dog, so Davis, Hammack, and Stolte agreed that the dog would stay locked up in Davis's and Hammack's room when they were not at home.

Before the attack on Gannon, Stolte said that he would play with the dog, take care of the dog, and, when Hammack and Davis were out of town, he occasionally let the dog sleep in his bed. Following the attack, however, Stolte testified that he was nervous about being around the dog and tried to have "as little contact with the dog as possible."

Approximately three months after the dog attacked Gannon, Davis asked Stolte if he could walk the dog for her because she was late for work. Stolte said he would. When Stolte opened the bedroom door, the dog ran toward him and grabbed his right arm in his jaws. A struggle followed, during which Stolte received bites on his arms, chest and stomach. Stolte was hospitalized for three days and required numerous stitches and staples to close the wounds.

Stolte filed suit, and Hammack moved for summary judgment, contending that Stolte was equally aware of the dog's vicious propensity. Hammack also argued that Stolte assumed the risk of attack when he opened the door to the bedroom where they were keeping the dog. The trial court granted the motion, and this appeal followed.

1. Stolte argues that the trial court erred in finding that Hammack did not have superior knowledge of the dog's vicious propensity. Under OCGA § 51-2-7:

> A person who owns or keeps a vicious or dangerous animal of any kind and who, by careless management or by allowing the animal to go at liberty, causes injury to another person who does not provoke the injury by his own act may be liable in damages to the person so injured. . . .

Thus,

> a plaintiff in a dog bite case must show that the owner had knowledge that the dog had the propensity to commit the

act that caused the injury. . . . If the plaintiff does not present evidence that the owner had superior knowledge of his dog's temperament, then the owner is entitled to summary judgment.

*Durham v. Mason*, 256 Ga. App. 467, 468 (568 SE2d 530) (2002).

Stolte argues that Hammack had superior knowledge because he actually witnessed the attack and Stolte did not. The record shows that Hammack stated that he was not present at the time of the attack; and, although Gannon said she thought that Hammack was present for the attack, she acknowledged that she could not be sure. Chris Marek testified that after the dog bit Gannon, he was holding the dog, calling for help, when Hammack and Davis came running downstairs.

Even assuming that Hammack was in the room at the time of the attack, the law is that when both plaintiff and owner have equal knowledge of the dog's propensity to bite, the plaintiff cannot prove that the owner had superior knowledge of the dog's temperament. *Durham,* supra at 468. Here, Stolte was told about the attack and saw the bite the next day. Stolte testified that after the dog bit Gannon, he avoided the dog and was nervous when he was around the dog. Accordingly, Stolte's own testimony was that he was aware of the dog's previous unprovoked attack and was nervous when around the dog, presumably because he was afraid that it could attack again. Therefore, Stolte had knowledge of the dog's vicious propensity equal to that of Hammack's, and the trial court did not err in granting summary judgment to Hammack on this claim.

This equal knowledge of the dog's vicious propensity also bars recovery under Georgia's premises liability statute. OCGA § 51-3-1 provides that a home owner can be liable for "injuries caused by [the home owner's] failure to exercise ordinary care in keeping the premises and approaches safe." A plaintiff in a dog bite case who asserts a cause of action under this statute is also required to produce evidence that the premises owner had superior knowledge of the dog's vicious propensity. See *Wade v. American Nat. Ins. Co.*, 246 Ga. App. 458, 461 (540 SE2d 671) (2000). Because Stolte cannot show Hammock's superior knowledge of the dog's temperament, Hammack is not liable for Stolte's damages under OCGA § 51-3-1.

2. Stolte also argues that Hammack agreed to take the dog to obedience training and for a medical evaluation, but did not do either one. When asked at his deposition if there was ever a discussion after the attack about the dog going to obedience school, Stolte replied that there *may* have been a discussion, but he personally was not a party to it. In his affidavit, however, he claims that had he known

that Hammack was not going to take the dog to the veterinarian or to obedience training, he would "have refused to interact" with the dog.

This argument has no relevance to the "equal knowledge" holding discussed above. As his affidavit makes clear, Stolte knew that, as of the day of the attack, the dog had not been to obedience school or to a veterinarian. Accordingly, his equal knowledge of the dog's vicious propensity remained unchanged. There is no merit to this enumeration of error.

3. Stolte also claims that his agreeing to take the dog outside on the day of the attack "was not completely voluntary and was not without coercion." There is nothing in the record to support any claim that Stolte was "coerced" into taking the dog out on the day of the attack.

At his deposition, Stolte testified that Hammack did point out that he was lenient with Stolte about the bills and did ask Stolte to help with tasks like watering the plants and taking care of the dog. But Stolte testified that there was no coercion, stating that it was "[n]othing like, I'm kicking you out right now or anything like that." Accordingly, there is no merit to this enumeration, and the trial court did not err in granting summary judgment to Hammack on Stolte's claims.

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED SEPTEMBER 16, 2011.

*Davis & Desautel, Stephen B. Davis, Andrew C. Desautel*, for appellant.
*Downey & Cleveland, Jonathan C. Jones*, for appellee.